IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE, individually and on behalf of her minor daughter, SUSAN DOE, et al.,

    *Plaintiffs*,

v.

JOSEPH A. LADAPO, *in his official capacity as Florida's Surgeon General of the Florida Department of Health*, et al.,

    *Defendants*.

Case No. 4:23-cv-00114-RH-MAF

## MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiffs Christina and Carla Coe (the "Coe Family"), by and through their undersigned counsel, respectfully move this Court for leave to proceed pseudonymously.

Carla Coe seeks to proceed under fictitious names to protect the identity of her daughter, Christina Coe, a minor. Though under Fed. R. Civ. P. 5.2(a), Christina Coe is entitled proceed anonymously through her initials, the identification of Carla Coe by her legal name would likely erase the confidentiality that the rule affords Christina Coe in bringing this lawsuit because she would be readily identifiable by the name of her mother. Further, proceeding under pseudonym is necessary to

protect the Coe Family and, more particularly, Christina Coe, from undue harassment, discrimination, and even violence because Christina Coe is transgender, and Carla Coe is an affirming parent of a transgender adolescent.

Because Christina Coe's privacy rights outweigh the presumption of openness in federal courts, Christina Coe and her mother, Carla Coe, should be allowed to proceed under fictitious names. Moreover, Christina Coe should be allowed to proceed under that fictitious name (as opposed to her initials) for reasons of convenience.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Without allowing the Coe Family to proceed anonymously, Christina Coe will effectively have no anonymity in this suit. Persons who learn Carla Coe's identity will be able to readily determine Christina Coe's identity. Thus, the question here is whether Carla Coe should be exempt from the general requirement that the parties be named in pleadings. Fed. R. Civ. P. 10(a). Christina Coe is confident in her gender identity and lives authentically as a girl without broad disclosure of her transgender status. Publicizing her name, or even her mother's name, will impact her quality of life and potentially even her mental health, and will create a safety risk for Christina Coe and her family.

"A party may proceed anonymously in a civil suit in federal court by showing

that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (internal quotation marks omitted); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992). The ability to proceed anonymously is available both to minor litigants and their guardians in the same litigation when the standard for anonymity is met. *D.L. and K.L. ex rel. Phan L. v. Bateman*, 2012 WL 1565419, at *2 (M.D. Fla., May 2, 2012) (holding that a legal guardian may proceed anonymously where the "public disclosure of their identities would nullify any privacy protection given to their children alone").

A court should carefully review all circumstances of a given case, including whether requiring openness would compel the plaintiff to disclose information of utmost intimacy, and then decide whether the customary practice of disclosing the party's identity should yield to the party's privacy concerns. *Plaintiff B.*, 631 F.3d at 1316. Relevant circumstances include: (1) whether the persons seeking anonymity are challenging government activity; (2) whether the litigation would require those persons to disclose information of the utmost intimacy; (3) whether those persons are minors; (4) whether disclosure would make those persons the subject of retaliatory harassment or violence; and (5) whether anonymity poses a unique threat of fundamental unfairness to the defendant. *Id.*

3

Under the circumstances relevant to this Motion, it is entirely appropriate to allow the Coe Family to proceed anonymously through fictitious names. First, the Coe Family, along with other Plaintiffs in this litigation, seek to challenge government activity —specifically, the adoption of Florida Board of Medicine Rule 64B8-9.019 and the Florida Board of Osteopathic Medicine Rule 64B15-14.014, which prohibit doctors in Florida from providing treatment for gender dysphoria to transgender minors, in violation of the U.S. Constitution. Unlike private parties, the Members of the Florida Boards of Medicine and Osteopathic Medicine, who are named solely in their official capacities, and Defendant Ladapo, who is named solely in his official capacity as Surgeon General of the Florida Department of Health, lack the same interest in protecting their reputation from possible damaging allegations, and therefore have a lesser interest in the public disclosure of the identities of those plaintiffs challenging governmental action. *See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

Second, the details of Christina Coe's private medical history and experience as a transgender minor will be rendered public through this litigation. Courts have recognized that a person's transgender status is a very intimate, private matter. *See, e.g.*, *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve

privacy in the matter, is really beyond debate"); *Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) ("[T]he disclosure of [plaintiff]'s identity would reveal matters of a highly sensitive and personal nature, specifically [plaintiff]'s transgender status and his diagnosed medical condition—gender dysphoria."); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 333, 333 (D.P.R. 2018); *Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992). In fact, the disclosure of much of this information by some third parties would normally be subject to stringent privacy protections. *See* Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.502(a). This alone demonstrates that the information is of the utmost intimacy. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (requiring the district court to allow the plaintiffs to sue anonymously because, in part, juvenile and adoption court records were confidential under state law); *M.J. v Jacksonville Housing Authority*, No. 11-CV-771-J-37 MCR, 2011 WL 4031099, at *2 (M.D. Fla. September 12, 2011) (finding that a plaintiff's juvenile arrest report, which would be at direct issue in the litigation, was information of the "utmost intimacy" because, in part, it was confidential under state law).

Third, Christina Coe is a minor. The rules already entitle Christina Coe to

5

proceed anonymously through her initials. Fed. R. Civ. P. 5.2(a). Customarily, courts will allow both minors and their guardians to proceed under pseudonym where the interests of minor children are at stake. *See, e.g.*, *Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) (observing that fictitious names are allowed when necessary to protect children's privacy); *Stegall*, 653 F.2d at 186 (permitting minor children and their mother to use fictitious names as minor children are more vulnerable to potential harassment or violence against the family); *Doe v. Banos*, 713 F. Supp. 2d 404, n.1 (D. N.J. 2010) (stating that the pseudonym of father and daughter was "used to protect the identity of a fifteen year-old minor."); *Sims v. Lakeside School*, No. 06-1412 RSM, 2007 WL 4219347, at *1 (W.D. Wash. November 28, 2007) (finding that minor names and the names of the parents deserved use of pseudonyms to protect the interests of the minor children involved and that there is a strong public policy in favor of protecting the identity of children).

Fourth, transgender persons in the United States, and more particularly, transgender minors and their families, regularly face stigmatization, discrimination, and violence. Numerous courts have this reached conclusion. *See, e.g.*, *Whitaker ex rel. Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *Foster*,

2019 WL 329548, at *2 ("[Plaintiff] alleges that disclosing his transgender status will subject him to discrimination, harassment, and violence. The court finds [plaintiff]'s fears are justified."); *F.V. v. Barron*, 286 F. Supp. 3d 1131, 1137 (D. Idaho 2018); *Arroyo*, 305 F. Supp. 3d 327 at 333; Order, *Ray v. Himes*, No. 2:18-cv-00272-MHW-CMV, at *2 (S.D. Ohio Apr. 5, 2018); *Love*, 146 F. Supp. 3d at 856; *Adkins v. City of New York*, 143 F. Supp. 3d 134, 139 (S.D.N.Y. 2015).

What is more, "this history of persecution and discrimination is not yet history." *Adkins*, 143 F. Supp. 3d at 139. A 2015 study revealed that nearly half (48%) of transgender people have been denied equal treatment, verbally harassed, and/or physically attacked because of being transgender. *See James, S. E., et al., The Report of the 2015 U.S. Transgender Survey,* Nat'l Ctr. for Transgender Equality*, 198 (2016), available at https://transequality.org/sites/default/files/docs/usts/USTS-Full-Report-Dec17.pdf.* Specifically, nearly half (46%) of transgender people have been verbally harassed and almost one in ten (9%) have been physically attacked because of being transgender. *Id*.

These considerations are even more acute for transgender people in Florida, like Christina Coe. There is no question that transgender people in Florida face high levels of discrimination, harassment, and violence. For example, 75% of transgender people who were out or perceived as transgender in K-12 schools experienced

7

mistreatment, including verbal harassment (50%), physical attack (23%), and sexual assault (15%), because of being transgender. *See id.,* at 1. Further, according to the 2019 National School Climate Survey, 86.3% of LGBTQ+ students experienced harassment of assault based on their LGBTQ+ or perceived LGBTQ+ identity. Among transgender youth who experienced this kind of victimization, they were three times as likely to miss school. Kosciw, J. G., et al., *The 2019 National School Climate Survey: The experiences of lesbian, gay, bisexual, transgender, and queer youth in our nation's schools*, GLSEN, 19-20 (2020), *available at* https://www.glsen.org/sites/default/files/2020-10/NSCS-2019-Full-Report_0.pdf.

It is because of this stigma placed upon transgender people and the real risks of discrimination, harassment, and violence transgender people face on account of their transgender status that courts have allowed transgender plaintiffs like Christina Coe to proceed under pseudonyms. *See*, *e.g.*, *Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. at 73 (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure"); *In re E.P.L.*, 891 N.Y.S.2d 619, 621 (Sup. Ct. 2009) (shielding the publication of a transgender individual's name in seeking a court order regarding a name change based upon his "right to feel threatened for his personal safety in the event his transgender status is made public").

Indeed, the "most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. at 74.

Here, the risk of stigmatization, discrimination, and even violence against Christina Coe and her mother could only increase if the name of any member of the Coe Family were made public in this suit.

Fifth, and finally, Defendants will not be prejudiced by the Coe Family's proceeding pseudonymously. Indeed, the Coe Family does not seek to withhold their identities from Defendants or the Court, but only to proceed pseudonymously and to prevent disclosure of their identities in public documents. Allowing the Coe Family to proceed under pseudonyms under these conditions will not prejudice Defendants; Defendants will know their true identities, will have full discovery rights as the case progresses, and will only be barred from using or disclosing their names to the public or outside the litigation. *See Doe v. Porter*, 370 F.3d 558, 560-61 (6th Cir. 2004); *Foster*, 2019 WL 329548, at *2; *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988). "[I]t is unclear how [the Court's grant of the requested relief] would . . . hinder[] [Defendants'] preparation" of the case, as Defendants here would still be able "to obtain all the necessary information to address" the issues in

9

this case without public disclosure of the names of Christina and Carla Coe. *Porter*, 370 F.3d at 561.

For these reasons, Christina Coe's privacy rights outweigh the presumption of openness in judicial proceedings. As such, her mother Carla Coe should be permitted to proceed under pseudonym.

The Court should likewise allow Christina Coe to proceed under pseudonym to protect her identity and for the sake of consistency. This would not prejudice Defendants nor the public since Christina Coe is already entitled to proceed anonymously under Fed. R. Civ. P. 5.2(a).

**WHEREFORE**, the Coe Family respectfully request that this Court grant their Motion to Proceed Under Pseudonym.

Respectfully submitted April 6, 2023.

| | |
|---|---|
| By: */s/ Lawrence Silverman*<br>**Lawrence Silverman**<br>lawrence.silverman@sidley.com<br>Florida Bar No. 7160<br>**Stephanie Peral**<br>stephanie.peral@sidley.com<br>Florida Bar No. 119324<br>**SIDLEY AUSTIN LLP**<br>1001 Brickell Bay Drive<br>Suite 900<br>Miami FL, 33131<br>+1 (305) 391-5228 | **NATIONAL CENTER FOR LESBIAN RIGHTS**<br><br>*By: /s/ Christopher F. Stoll*<br>**Christopher F. Stoll**<br>(CA Bar No. 179046)<br>**Kelly Jo Popkin**<br>(NY Bar No. 5698220)*<br>National Center for Lesbian Rights<br>870 Market Street, Suite 370<br>San Francisco, CA 94102<br>Tel. 415-365-1320<br>cstoll@nclrights.org |

**Sara Mandelbaum**\*
smandelbaum@sidley.com
New York Bar No: 2178846
**SIDLEY AUSTIN LLP**
787 7th Ave
New York, NY 10019
+1 (212) 839-6051

**SOUTHERN LEGAL COUNSEL**

*By: /s/ Simone Chriss*
**Simone Chriss**
Florida Bar No. 124062
**Chelsea Dunn**
Florida Bar No. 1013541
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**HUMAN RIGHTS CAMPAIGN FOUNDATION**

By: */s/ Jason Starr*
**Ami Patel**\* (CA No. 325647)
**Jason Starr**\* (NY No. 5005194)
Human Rights Campaign Foundation
1640 Rhode Island Avenue NW
Washington, D.C. 20036
Telephone: (202) 993-4180
Facsimile: (202) 628-0517
Ami.Patel@hrc.org
Jason.Starr@hrc.org

kpopkin@nclrights.org

**GLBTQ LEGAL ADVOCATES & DEFENDERS**

By: */s/ Jennifer Levi*
**Jennifer Levi**\*
**Chris Erchull**\*
18 Tremont, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
cerchull@glad.org

\* Application for admission pro hac vice forthcoming

*Counsel for Plaintiffs*

11

## CERTIFICATION OF WORD LIMIT

Pursuant to Local Rule 7.1(F), undersigned counsel certifies that there are 2,071 words contained in this Motion and Memorandum.

## CERTIFICATE OF SATISFACTION OF ATTORNEY-CONFERENCE REQUIREMENT

Counsel for Plaintiffs have been unable to confer with counsel for Defendants' counsel as required under Local Rule 7.1(B), as no counsel of record have yet entered an appearance on behalf of Defendants. Upon Defendants' counsel entering their appearance, counsel for Plaintiffs will confer with counsel for Defendants and subsequently file a renewed Motion to Proceed Under Pseudonym indicating Defendants' position on the motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on April 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. There is currently no Counsel of Record for Defendants, and so I certify that I will serve the foregoing on Defendants along with the Complaint.

                                          */s/ Lawrence Silverman*

                                          Lawrence Silverman