# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# Tallahassee Division

JANE DOE, individually and on behalf
of her minor daughter, SUSAN DOE;
BRENDA BOE, individually and on
behalf of her minor son BENNETT
BOE; CARLA COE, individually and
on behalf of her minor daughter
CHRISTINA COE; FIONA FOE,
individually and on behalf of her minor
daughter FREYA FOE; GLORIA GOE,
individually and on behalf of her minor
son GAVIN GOE; and LINDA LOE,
individually and on behalf of her minor
daughter LISA LOE; PATRICIA POE,
individually and on behalf of her minor
son PAUL POE,

    Plaintiffs,

            v.

JOSEPH A. LADAPO, *in his official capacity
as Florida's Surgeon General*
*of the Florida Department of Health*;
FLORIDA BOARD OF MEDICINE;
SCOT ACKERMAN, NICHOLAS W.
ROMANELLO, WAEL BARSOUM,
MATTHEW R. BENSON, GREGORY
COFFMAN, AMY DERICK, DAVID
DIAMOND, PATRICK HUNTER,
LUZ MARINA PAGES, ELEONOR
PIMENTEL, HECTOR VILA,
MICHAEL WASYLIK, ZACHARIAH P.
ZACHARIAH, MARIA GARCIA,
NICOLE JUSTICE, *in their official
capacities as members of the Florida*

Civil No. 4:23-cv-00114-RH-MAF

1

*Board of Medicine*; FLORIDA BOARD OF OSTEOPATHIC MEDICINE; WATSON DUCATEL, TIFFANY SIZEMORE DI PIETRO, GREGORY WILLIAMS, MONICA M. MORTENSEN, VALERIE JACKSON, CHRIS CREEGAN, WILLIAM D. KIRSH, *in their official capacities as members of the Florida Board of Osteopathic Medicine*; ASHLEY MOODY, *in her official capacity as Attorney General for the State of Florida*; GINGER BOWEN MADDEN, *in her official capacity as State Attorney for the First Judicial Circuit of Florida*; JACK CAMPBELL, *in his official capacity as State Attorney for the Second Judicial Circuit of Florida*; JOHN DURRETT, *in his official capacity as State Attorney for the Third Judicial Circuit of Florida*; MELISSA NELSON, *in her official capacity as State Attorney for the Fourth Judicial Circuit of Florida*; WILLIAM GLADSON*, in his official capacity as State Attorney for the Fifth Judicial Circuit of Florida*; BRUCE BARTLETT, *in his official capacity as State Attorney for the Sixth Judicial Circuit of Florida*; R.J. LARIZZA, *in his official capacity as State Attorney for the Seventh Judicial Circuit of Florida*; BRIAN S. KRAMER, *in his official capacity as State Attorney for the Eighth Judicial Circuit of Florida*; MONIQUE H. WORRELL, *in her official capacity as State Attorney for the Ninth Judicial Circuit of Florida*; BRIAN HAAS, *in his official*

*capacity as State Attorney for the Tenth Judicial Circuit of Florida*; KATHERINE FERNANDEZ RUNDLE, *in her official capacity as State Attorney for the Eleventh Judicial Circuit of Florida*; ED BRODSKY, *in his official capacity as State Attorney for the Twelfth Judicial Circuit of Florida;* SUSAN S. LOPEZ, *in her official capacity as State Attorney for the Thirteenth Judicial Circuit of Florida;* LARRY BASFORD, *in his official capacity as State Attorney for the Fourteenth Judicial Circuit of Florida;* DAVE ARONBERG, *in his official capacity as State Attorney for the Fifteenth Judicial Circuit of Florida*; DENNIS WARD, *in his official capacity as State Attorney for the Sixteenth Judicial Circuit of Florida*; HAROLD F. PRYOR, *in his official capacity as State Attorney for the Seventeenth Judicial Circuit of Florida*; PHIL ARCHER*, in his official capacity as State Attorney for the Eighteenth Judicial Circuit of Florida*; THOMAS BAKKEDAHL, *in his official capacity as State Attorney for the Nineteenth Judicial Circuit of Florida*; and AMIRA D. FOX, *in her official capacity as State Attorney for the Twentieth Judicial Circuit of Florida*,

        Defendants.

_____/

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION,**

# AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs hereby move the Court for a temporary restraining order or a preliminary injunction preventing the enforcement of Florida Senate Bill 254, "An act relating to treatments for sex reassignment" ("SB 254").[1]

1. The Florida Legislature passed SB 254 on May 4, 2023, and the Governor signed SB 254 into law on May 17, 2023.[2]

2. Among other things, SB 254 creates Florida Statute § 456.52(1), which prohibits medical providers from providing well-established treatment for gender dysphoria to transgender adolescents. SB 254 makes it a third degree felony for any health care practitioner who provides the prohibited medical care.

3. Plaintiffs are Florida parents and their transgender children: Jane Doe and her daughter Susan Doe, Gloria Goe and her son Gavin Goe, and Linda Loe and her daughter Lisa Loe. Plaintiffs filed a Motion for Preliminary Injunction (Dkt. No. 30) on April 24, 2023, asking this Court to enjoin enforcement of the Florida Boards of Medicine and Osteopathic Medicine Rules (64B8-9.019, Fla. Admin. Code (effective March 16, 2023) and 64B15-14.014, Fla. Admin. Code (effective March 28, 2023)) ("the Bans") during the pendency of this litigation.

---

[1] SB 254, Section 5, creates Florida Statute 456.52, "Sex-reassignment prescriptions and procedures; prohibitions; informed consent."
[2] According to the text of SB 254, it will "take effect upon becoming law," which means it can now be enforced. *See* Fla. SB 254, § 10, line 271 (2023) (Second Engrossed).

4. Plaintiffs incorporate by reference the Statement of Facts contained in Plaintiffs' Motion for Preliminary Injunction and the declarations and other evidence submitted in support thereof. (Dkt. No. 30 at 5–16, Dkt. Nos. 30-1, 30-2, 30-3, 30-4, 30-5, 30-6).

5. For the reasons articulated in Plaintiffs' Motion for Preliminary Injunction (*id.* at 17–28), SB 254 infringes upon Plaintiffs' constitutionally protected rights to make medical decisions for their children (Parent Plaintiffs) and to equal protection under the law in violation of the Fourteenth Amendment of the United States Constitution. Defendants are unable to justify the infringement upon Plaintiffs' constitutional rights that would arise from enforcement of SB 254.

6. Without the requested relief, SB 254 will cause irreparable harm to the Parent Plaintiffs, who will continue to be deprived of their fundamental right to make medical decisions for their children, notwithstanding that they are fit parents, and to the Minor Plaintiffs, who will continue to suffer a cascade of mental and physical injuries. Plaintiffs have no adequate remedy at law.

7. The balance of equities and public interest tip sharply in favor of the Plaintiffs because the temporary restraining order or preliminary injunction would preserve the status quo; and the irreparable injuries that Plaintiffs will experience far outweigh any burden on Defendants that might result from enjoining SB 254 during the pendency of this case. In contrast, preventing enforcement of SB 254 while this

litigation proceeds poses no harm to Defendants and will preserve the status quo that has existed for many years before SB 254 was adopted.

8. Plaintiffs respectfully request that the Court exercise its discretion to waive the Federal Rule of Civil Procedure 65(c) security requirement. *BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs.*, LLC, 425 F.3d 964, 971 (11th Cir. 2005). Public interest litigation is a recognized exception to the bond requirement, especially where, as here, the bond would injure Plaintiffs' constitutional rights and the relief sought would not pose a hardship to Defendants.

**WHEREFORE,** Plaintiffs respectfully request an order temporarily restraining or preliminarily enjoining Defendants from enforcing SB 254, creating § 456.52 (2023), Florida Statute.

## REQUEST FOR ARGUMENT

Pursuant to Local Rule 7.1(K), Plaintiffs respectfully request oral argument on this motion, estimating up to two hours for a non-evidentiary hearing.

## MEMORANDUM OF LAW

### I.  Introduction

Plaintiffs bring this action against Defendant Joseph A. Ladapo, in his official capacity as Florida's Surgeon General, Defendant members of the Florida Board of Medicine and the Florida Board of Osteopathic Medicine (the "Medical Boards") in their official capacities, Defendant Ashley Moody, in her official capacity as Attorney

General of Florida, and Defendant State Attorneys in their official capacities, challenging the constitutionality of SB 254.

Plaintiffs seek an order restraining or enjoining Defendants from enforcing SB 254, which bans established medical care for transgender minors by subjecting health care providers who provide such treatments to professional discipline, civil liability, and felony criminal liability. *See* attached as Exhibit A, Temporary Restraining Order or Proposed Preliminary Injunction. This categorical ban violates the fundamental right of parents to make medical decisions for their minor children and of transgender minors to be free from discrimination based on their sex and transgender status under the Due Process and Equal Protection provisions of the Fourteenth Amendment.

II. Argument

A. **Standard for Granting a Temporary Restraining Order or Preliminary Injunction**

A temporary restraining order may be imposed "to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 357 F. Supp. 2d 1378, 1383 (M.D. Fla. 2005) *aff'd*, 403 F.3d 1223 (11th Cir. 2005); *see also W. Ala. Women's Ctr. v. Williamson*, 120 F. Supp. 3d 1296, 1320 (M.D. Ala. 2015). A party seeking a temporary restraining order must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *See*

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1247 (11th Cir. 2016).

The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *Powers v. Sec., Fla. Dep't of Corrections*, 691 F. App'x 581, 583 (11th Cir. 2017). To obtain a preliminary injunction, a movant must show: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "[A]ll of the well-pleaded allegations of [the] complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true." *Elrod v. Burns*, 427 U.S. 347, 350 n.1 (1976).

**B. SB 254 Violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution**

   *1. The Present Litigation*

On April 24, 2023, Plaintiffs in the above-captioned matter filed their First Amended Complaint (Dkt. No. 29), challenging the rules (the "Bans") enacted by the Florida Board of Medicine and the Florida Board of Osteopathic Medicine (the "Medical Boards") that bar Florida doctors from providing established medical care to

transgender adolescents. The same day, three Parent Plaintiffs and three Minor Plaintiffs filed a Motion for Preliminary Injunction (Dkt. No. 30), asking this Court to enjoin enforcement of the Bans during the pendency of this litigation. Plaintiffs incorporate by reference the Statement of Facts contained in Plaintiffs' Motion for Preliminary Injunction. (Dkt. No. 30 at 5–16).

### 2. *SB 254*

On May 4, 2023, the Florida Legislature voted to pass SB 254. On May 17, 2023, the Governor of Florida, Ron DeSantis, signed SB 254 into law. According to the text of SB 254, the act "shall take effect upon becoming law," which means it is now enforceable. *See* Fla. SB 254, § 10, line 271 (2023) (Second Engrossed). On May 17, 2023, Plaintiffs sought leave to file their Second Amended Complaint, challenging SB 254 in addition to the Bans promulgated by the Medical Boards.

Like the Bans, SB 254 prohibits health care providers from providing established medical care to transgender adolescents, which it refers to as "sex-reassignment prescriptions or procedures." *Id*. at § 4, line 107. First, section 4 of the new law defines "sex" as the "classification of a person as either male or female based on the organization of the human body of such person for a specific reproductive role, as indicated by the person's sex chromosomes, naturally occurring sex hormones, and internal and external genitalia present at birth." *Id*. at § 4, lines 102–06. Section 4 of the new law then defines the prohibited medical treatment as the "prescription or administration of puberty blockers for the purpose of attempting to stop or delay

normal puberty in order to affirm a person's perception of his or her sex if that perception is inconsistent with the person's sex" at birth, *id*. at § 4, lines 109–13, and the "prescription or administration of hormones or hormone antagonists to affirm a person's perception of his or her sex if that perception is inconsistent with the person's sex" at birth. *Id*. at § 4, lines 114–16.

Section 5 bans these treatments for transgender adolescents, providing: "Sex-reassignment prescriptions and procedures are prohibited for patients younger than 18 years of age[.]" *Id*. at § 5, lines 151–53. The penalties associated with the ban on the provision of care for transgender adolescents include being charged with a felony (*id*. at § 5, lines 210–13) ("Any health care practitioner who willfully or actively participates in a violation of subsection (1) commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084") and the imposition of "disciplinary action" by the governing Medical Boards (*id.* at § 5, lines 207–09).

The additional provisions contained in SB 254's Section 5 sweep broadly, creating additional barriers to access to established medical care for transgender individuals. *See id.* at § 5, lines 175-193 (creating restrictions related to informed consent for individuals of all ages in need of treatment for gender dysphoria); *id.* at § 5, lines 194-199 (banning all health care providers, including advanced practice registered nurses and physicians' assistants, who are otherwise licensed to prescribe the prohibited medications in Florida, and who were not expressly prohibited from providing this treatment under the Medical Boards' bans.) The penalties associated

with these sweeping restrictions include a misdemeanor of the first degree (*id.* at § 5, lines 214-217), and other disciplinary action (*id.* at § 5, lines 207-209).

Finally, Section 7, creating Florida Statute 766.318, Civil liability for provision of sex-reassignment prescriptions or procedures to minors, which states: "A cause of action exists to recover damages for personal injury or death resulting from the provision of sex-reassignment prescription or procedures, as defined in s. 456.001, to a person younger than 18 years of age which are prohibited by s. 456.52(1). *Id.* at § 7, lines 241-247.[3]

Plaintiffs seek to temporarily restrain or preliminarily enjoin those portions of SB 254 that bar healthcare providers from prescribing or administering medications for transgender adolescents and that impose professional discipline, criminal liability, or civil liability for doing so. Plaintiffs do not seek emergency relief at this time with respect to SB 254's prohibition of surgeries for transgender minors or with respect to other provisions of SB 254 that amend child custody statutes (§§ 1, 2) or prohibit the use of state funds (§ 3).

### 3. *Plaintiffs Will Likely Succeed on the Merits of their Claims Because SB 254 is Unconstitutional*

SB 254 facially discriminates against transgender minors because of their gender non-conformity, barring treatments that "affirm a person's perception of his or

---

[3] Section 7 also includes removes limitations on punitive damages, and allows an action under this section to be commenced within 20 years after the cessation or completion of the sex-reassignment prescription or procedure. *Id* at § 7, lines 248-252.

11

her sex if that perception is inconsistent with the person's sex" at birth. This language is virtually identical to that used in a similar ban enacted by the Alabama Legislature in 2021. *See* Act. No. 2022-289, Senate Bill 184 (2022), the "Alabama Vulnerable Child Compassion and Protection Act;" *see also Eknes-Tucker v. Marshall*, 603 F. Supp. 3d 1131 (M.D. Ala. 2021) (preliminarily enjoining Alabama's ban). As the district court in that case correctly noted:

> The Act categorically prohibits transgender minors from taking transitioning medications due to their gender nonconformity. In this way, the Act places a special burden on transgender minors because their gender identity does not match their birth sex. The Act therefore amounts to a sex-based classification for purposes of the Equal Protection Clause.

*Id*. at 1147 (citing *Glenn v. Brumby*, 663 F.3d 1312, 1317 (11th Cir. 2011) (explaining that "discrimination against a transgender individual because of her gender-nonconformity is sex discrimination"). The same analysis applies to SB 254, which similarly targets transgender minors because of their gender-nonconformity.

SB 254 bars established medical treatments for transgender adolescents, depriving them of any effective treatment for their gender dysphoria and preventing their parents from obtaining this necessary medical care for their children.

For the reasons articulated in Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 30 at 17–28), SB 254 infringes upon Plaintiffs' constitutionally protected rights to make medical decisions for their children (Parent Plaintiffs) and to equal protection under the law in violation of the Fourteenth Amendment of the United States

Constitution. Defendants are unable to justify the infringement upon Plaintiffs' constitutional rights that would arise from enforcement of SB 254.

### C. SB 254 Will Cause Irreparable Harm to Plaintiffs

For the reasons articulated in Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 30 at 28–32), SB 254 contributes to and exacerbates the irreparable harm caused by the Bans. By depriving Parent Plaintiffs of the ability to provide established and time-sensitive medical care to their children, and depriving Minor Plaintiffs of necessary medical care for a serious medical condition, SB 254 causes serious and irreversible physical and psychological harm, which may include anxiety, depression, severe psychological distress, and suicidality.

Additionally, SB 254 makes medical care even more inaccessible for Plaintiffs than the Bans alone because healthcare providers now face severe criminal penalties and civil liability, in addition to the professional discipline already threatened by the Bans.

Absent emergency relief, it is likely that healthcare providers will not only temporarily cease to provide Minor Plaintiffs and other transgender adolescents in Florida with medically necessary care while this litigation proceeds, but that fear of potential criminal liability will cause some or all providers and clinics who currently serve transgender minors to make irrevocable or difficult-to-reverse decisions to stop serving this population or to relocate to practice in a state that does not impose felony

penalties for practicing well-established care, with the result that even if Plaintiffs ultimately prevail, they may be practically unable to obtain relief.

For this reason, as well as to prevent the irreparable harm caused by denial or delay of time-sensitive medical care, Plaintiffs respectfully urge this Court to grant temporary relief to preserve the Court's ability to make "a meaningful decision on the merits," *Schiavo*, 357 F. Supp. 2d at 1383, which "often requires preserving the status quo." *W. Ala. Women's Ctr.*, 120 F. Supp. 3d at 1320.

### D. The Equities Weigh in Favor of a Temporary Restraining Order or Preliminary Injunction and Granting Such Relief is in the Public Interest

For the reasons articulated in Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 30 at 32–33), the imminent threat of harm to Plaintiffs outweighs any damage to Defendants, who lack any interest in enforcing an unconstitutional law and who will not suffer any injury caused by delaying enforcement of SB 254. A temporary restraining order or preliminary injunction will merely maintain the status quo by allowing doctors to provide established medical care without the threat of criminal penalties, civil liability, or loss of licensure, and preventing enforcement of an unconstitutional law serves the public interest.

## II. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court issue a temporary restraining order or, in the alternative, a preliminary injunction, to enjoin enforcement of SB 254.

Respectfully submitted this 17th day of May, 2023.

| | |
|---|---|
| **SOUTHERN LEGAL COUNSEL**<br><br>*By: /s/ Simone Chriss*<br>**Simone Chriss**<br>Florida Bar No. 124062<br>**Chelsea Dunn**<br>Florida Bar No. 1013541<br>1229 NW 12th Avenue<br>Gainesville, FL 32601<br>(352) 271-8890<br>Simone.Chriss@southernlegal.org<br>Chelsea.Dunn@southernlegal.org<br><br>**HUMAN RIGHTS CAMPAIGN FOUNDATION**<br><br>**Cynthia Cheng-Wun Weaver***<br>NY No. 5091848<br>**Jason Starr***<br>NY No. 5005194<br>**Ami Patel***<br>CA No. 325647<br>1640 Rhode Island Avenue NW<br>Washington, D.C. 20036<br>(202) 993-4180<br>Cynthia.Weaver@hrc.org<br>Jason.Starr@hrc.org<br>Ami.Patel@hrc.org | **NATIONAL CENTER FOR LESBIAN RIGHTS**<br><br>**Christopher F. Stoll***<br>CA Bar No. 179046<br>**Kelly Jo Popkin***<br>NY Bar No. 5698220<br>National Center for Lesbian Rights<br>870 Market Street, Suite 370<br>San Francisco, CA 94102<br>Tel. 415-365-1320<br>cstoll@nclrights.org<br>kpopkin@nclrights.org<br><br>**GLBTQ LEGAL ADVOCATES & DEFENDERS**<br><br>**Jennifer Levi***<br>**Chris Erchull***<br>18 Tremont, Suite 950<br>Boston, MA 02108<br>(617) 426-1350<br>jlevi@glad.org<br>cerchull@glad.org<br><br>* Admitted by *pro hac vice*<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF WORD COUNT

According to Microsoft Word, the word-processing system used to prepare this Motion and Memorandum, there are 633 total words contained within the Motion,

and there are 2,076 words contained within the Memorandum of Law.

*/s/ Simone Chriss*
**Simone Chriss**

### CERTIFICATE OF SATISFATION OF ATTORNEY CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B), counsel for the Plaintiffs conferred with counsel for the Defendants on May 4, 2023 and again on May 17, 2023. Counsel for Defendants indicated that Defendants oppose the relief sought.

*/s/ Simone Chriss*
**Simone Chriss**

# CERTIFICATE OF SERVICE

I hereby certify that, on May 17, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served by process server the foregoing on the following non-CM/ECF participants:

Ashley Moody
Office of the Attorney General
State of Florida
PL-01, The Capitol
Tallahassee, FL 32399-1050

Ginger Bowden Madden
Office of the State Attorney, 1st Judicial Circuit
190 W. Government Street
Pensacola, FL 32501

Jack Campbell
State Attorney's Office
Leon County Courthouse
301 S. Monroe St, Suite 475
Tallahassee, FL 32301

John Durrett
310 Pine Ave. SW,
Live Oak, FL 32064

Melissa W. Nelson
Ed Austin Building
311 West Monroe Street
Jacksonville, Florida 32202

William Gladson
Office of the State Attorney
Citrus County Courthouse
110 North Apopka Ave.
3rd Floor RM 2-372
Inverness, FL 34450-4293

Bruce Bartlett
PO Box 17500
Clearwater, FL 33762-0500

R.J. Larizza
251 N Ridgewood Avenue
Daytona Beach, FL 32114

Brian S. Kramer
120 West University Avenue
Gainesville, Florida 32601

Monique H. Worrell
415 North Orange Avenue
Orlando, FL 32801

Brian Haas
930 E Parker St.
Lakeland, FL, 33801

Katherine Fernandez Rundle
E.R. Graham Building
1350 N.W. 12 Avenue
Miami, FL 33136

Ed Brodsky
Criminal Justice Building
2071 Ringling Blvd.
Suite 400
Sarasota, FL 34237

Susan S. Lopez
419 N. Pierce Street
Tampa, Florida 33602

Larry Basford
421 Magnolia Avenue
PO Box 1040 – 32402
Panama City, FL 32401

David A. Aronberg
401 North Dixie Highway
West Palm Beach, FL 33401

Dennis W. Ward
530 Whitehead Street
Suite 301
Key West FL, 33040

Harold F. Pryor
Broward County Judicial Complex
201 Southeast 6th Street, Suite 07150
Fort Lauderdale, Florida 33301

Philip G. Archer
2725 Judge Fran Jamieson Way
Building D
Viera, Florida 32940-6605

Thomas Bakkedahl
411 S. 2nd Street
Fort Pierce, FL 34950

Amira D. Fox
Lee County Justice Complex Center
2000 Main Street, 6th Floor
Fort Myers, Florida 33901

/s/ *Simone Chriss*
**Simone Chriss**
Counsel for Plaintiffs