IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

JANE DOE, individually and on behalf
of her minor daughter, SUSAN DOE,
et al.,

                                                     Civil No. 4:23-cv-00114-RH-MAF

        Plaintiffs,

        v.

JOSEPH A. LADAPO, *in his official capacity*     **[PROPOSED]**
*as Florida's Surgeon General*                          **TEMPORARY**
*of the Florida Department of Health*,              **RESTRAINING**
et al.,                                                           **ORDER**

        Defendants.
_____/

## [PROPOSED] TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Plaintiffs Jane Doe and her daughter Susan Doe, Gloria Goe and her son Gavin Goe, and Linda Loe and her daughter Lisa Loe (collectively, "Plaintiffs") have moved this Court for a preliminary injunction and/or temporary restraining order ("TRO") pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, seeking to block enforcement of Senate Bill 254, "An act relating to treatments for sex reassignment . . ." ("SB 254"), an Act that has become law and went into effect on May 17, 2023.

1

SB 254 makes it a felony of the third degree for any healthcare practitioner to treat any transgender person younger than the age of 18 with "sex-reassignment prescriptions or procedures" "to affirm a person's perception of his or her sex." *See* Fla. SB 254, §§ 4, 5 (2023) (Second Engrossed).

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as all declarations and other evidence submitted in support of Plaintiffs' prior Motion for a preliminary injunction, has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65 that Plaintiffs have demonstrated: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) the equities weighing in favor of the Plaintiffs, and (4) that granting preliminary relief is in the public interest.

Plaintiffs have established a likelihood of success on the merits of their claim that SB 254 violates the Due Process Clause of the Fourteenth Amendment by interfering with the Parent Plaintiffs' exercise of their fundamental rights to obtain established medical care for their children. Plaintiffs have also established a likelihood of success on the merits of their claim that SB 254 violates Plaintiffs' right to equal protection under the Fourteenth Amendment of the United States Constitution by criminalizing the provision of established and necessary medical care to transgender minors.

Plaintiffs have demonstrated that, absent a preliminary order preventing SB 254 from taking effect, they will be denied medical care and suffer irreparable constitutional, physical, emotional, psychological, and other harms for which there is no adequate remedy at law. The criminal provisions of SB 254, if permitted to go into effect, will create impenetrable barriers to the Plaintiffs' ability to find any Florida medical provider willing to assess them for, or provide, essential medical care they need. The balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests weigh in favor of granting Plaintiffs' motion to preserve the status quo, and a TRO or preliminary injunction is in the public interest.

Satisfied that the Plaintiffs have met their burden for obtaining preliminary relief, the Court further finds that issuance of a TRO without a hearing and without notice to defendants or providing them an opportunity to respond is warranted. Plaintiffs have made a showing that immediate and irreparable injury will result to the Plaintiffs if SB 254 takes effect prior to a hearing on Plaintiffs' Motion for Preliminary Injunction, ECF 30 (Apr. 24, 2023), which asks the Court to enjoin enforcement of Board of Medicine and Board of Osteopathic Medicine rules prohibiting the same treatments criminalized by SB 254.

The Court finds that Plaintiffs are not required to provide security pursuant to Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors, and any person in active concert or participation with them, are TEMPORARILY RESTRAINED from enforcing, threatening to enforce, or otherwise requiring compliance with Florida Senate Bill 254 pending the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

Done this \_\_\_\_ day of _____, 2023.