UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE, et al.,

    *Plaintiffs*,

v.                                         Case No. 4:23cv114-RH/MAF

JOSEPH A. LADAPO, et al.,

    *Defendants*.

_____/

## **FLORIDA ATTORNEY GENERAL'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Ashley Moody, Florida Attorney General ("Attorney General"), moves to dismiss her from this case because the Plaintiffs lack standing to sue her and because she is immune from this suit under the Eleventh Amendment.

## **Background**

This lawsuit began as a constitutional challenge to rules adopted by Defendants Florida Board of Medicine and Florida Board of Osteopathic Medicine prohibiting certain therapies and medical procedures concerning the treatment of gender dysphoria in minors. ECF No. 1 ¶ 1. The original defendants were the Florida Surgeon General, the Boards of Medicine and Osteopathic Medicine along with the members of those Boards. *Id.* at ¶¶ 10-34. On May 20, 2023, Plaintiffs were granted

leave to file a Second Amended Complaint ("Amended Complaint"). ECF No. 56-1.[1]

The Amended Complaint adds a challenge to provisions of Senate Bill 254 ("SB 254"), passed by the 2023 Florida Legislature and enacted as Chapter 2023-90, Laws of Florida. Am. Compl. ¶¶ 97-106. SB 254, in pertinent part, creates a statute, section 456.52, which prohibits sex-reassignment prescriptions and procedures for patients younger than 18. Ch. 2023-90, § 5 at (1). The new statute includes a provision making a violation of the prohibition a third-degree felony. *Id.* at § 5 at (5)(b). The Attorney General, along with Florida's twenty state attorneys were named as additional defendants. Plaintiffs allege that the Attorney General is a proper defendant in this suit for two reasons: (1) because the Florida Constitution provides that the Attorney General is the State's chief state legal officer, Art. IV, § 4(b); and (2) because the Attorney General "exercises general superintendence and direction over the state attorneys as to the manner of discharging their respective duties," § 16.08, Fla. Stat. Am. Compl. at ¶ 38. The Amended Complaint contains no other mention of the Attorney General.

---

[1] The motion is ECF No. 56, and the order granting it is ECF 65.

## Memorandum of Law

**I. Plaintiffs have not demonstrated standing to sue the Attorney General because she has not caused their alleged injuries and a judgment against her would not redress them.**

To have standing, a litigant must prove (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193, 1201 (11th Cir. 2020). This analysis is even more searching than the *Ex parte Young* analysis. *See id.* at 1210; *infra* Section II. Here, however, Plaintiffs cannot show that the Attorney General caused their injuries or has the power to redress them.

The Attorney General does not enforce SB 254. While SB 254 creates certain criminal penalties in § 456.52(b)–(c), Florida Statutes, those provisions are enforced by the state attorneys. *See* Art. V, § 17, Fla. Const.; Fla. Stat. § 27.02. That fact is fatal to Plaintiffs' standing to sue the Attorney General. *See Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc) (holding that plaintiffs challenging state statute lacked standing to sue Alabama's Attorney General, who had "no enforcement role" as to challenged statute). "If relief is sought against an official who cannot remedy the plaintiff's alleged injury, there is no 'case or controversy between himself and the defendant[s] within the meaning of Art[icle] III.'" *Gallardo by & through Vassallo v. Senior*, No. 4:16-cv-116, 2017 WL 3081816, at *6 (N.D. Fla. July 18, 2017) (quoting *Scott v. Taylor*, 405 F.3d 1251,

1259 (11th Cir. 2005) (Jordan, J., concurring)); *see Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998) (dismissing, for lack of standing, supervisors of elections who had "no . . . source of power" to enforce provision at issue)

The fact that the Attorney General exercises "general superintendence and direction over the state attorneys of the several circuits as to the manner of discharging their respective duties," § 16.08. Fla. Stat., does not alter this conclusion. "[G]eneral superintendence and direction over" does not mean that she bears ultimate responsibility for the decision to enforce the challenged statutes. Instead, each "state attorney shall be the prosecuting officer of all trial courts in [her] circuit." Art. V, §17, Fla. Const; *see Freiberg v. Francois*, No. 4:05-cv-177, 2006 WL 2362046, at *6 n.2 (N.D. Fla. Aug. 15, 2006) (dismissing complaint as to Attorney General because she lacked a sufficient role in "the enforcement of the criminal statute"); *accord Roberts v. Bondi*, No. 8:18-cv-1062, 2018 WL 3997979, at *2 (M.D. Fla. Aug. 21, 2018); *NRA v. Swearingen*, No. 4:18-cv-00137, at *6 (N.D. Fla. May 1, 2020) (slip op.); *Support Working Animals, Inc. v. Moody*, No. 4:19-cv-570, 2020 WL 10728640, at *1 (N.D. Fla. Jun. 12, 2020), *aff'd by Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198 (11th Cir. 2021).

Finally, although Plaintiffs have not alleged it as a basis for suing her, any claim that the Attorney General is a proper party based on her ability to appoint and remove the Statewide Prosecutor would be unavailing. Section 16.56(1)(a)-(c),

Florida Statutes, limits the prosecutorial authority of the Statewide Prosecutor to certain enumerated crimes. The statute created by SB 254, § 456.52, is not included in that list. In addition, the Amended Complaint would not support any potential claim that a violation of § 456.52 could reasonably involve two or more judicial circuits. § 16.56(1)(a)-(c). Thus, the Statewide Prosecutor can no more enforce SB 254 than the Attorney General herself.

For these reasons, Plaintiffs lack standing to sue the Attorney General.

**II. The Attorney General is entitled to Eleventh Amendment immunity.**

For similar reasons, the Attorney General is entitled to Eleventh Amendment immunity. Under The Eleventh Amendment, a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment. *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). But under an exception created by *Ex parte Young*, 209 U.S. 123 (1908), suits filed against a state official in her official capacity for injunctive relief on a prospective basis, alleging violations of the federal constitution, are not considered to be suits against the state that violate the Eleventh Amendment.

As discussed, the Attorney General does not enforce the challenged statute, and "federal courts have refused to apply *Ex parte Young* where the officer who is charged has no authority to enforce the challenged statute." *Summit Med. Assocs.,*

*P.C. v. Pryor*, 180 F.3d 1326, 1342 (11th Cir. 1999); *accord Grizzle*, 634 F.3d at 1319 (explaining that a state official is subject to suit in his official capacity only "when his office imbues him with the responsibility to enforce the law or laws at issue in the suit").

Moreover, the Supreme Court has explained that if state statutes could be challenged by suing the attorney general on the theory that she "might represent the state in litigation involving the enforcement of its statutes," it would eviscerate "the fundamental principle that [States] cannot, without their assent, be brought into any court at the suit of private persons." *Ex parte Young*, 209 U.S. at 157. And the fact that the Attorney General may later choose to intervene in this case on behalf of the State does not render her a proper defendant. She is not "required to intervene every time an entity challenges the constitutionality of a statute." *Mallory v. Harkness*, 923 F. Supp. 1546, 1553 (S.D. Fla. 1996) (citations omitted). And a court order requiring the Attorney General to defend the constitutionality of a statute would effectively eliminate her unreviewable discretion to intervene. *See State v. S.H. Kress & Co.*, 155 So. 823, 826 (Fla. 1934).

As a result, the Attorney General's statutory authority to intervene vests only general executive power that does not constitute a "sufficient connection" to permit the exercise of jurisdiction. *Women's Emergency Network*, 323 F.3d at 949–50; *see Osterback v. Scott*, 782 F. App'x 856, 859 (11th Cir. 2019) (holding that Florida

Governor's "general authority to enforce Florida's laws" did not make him a proper party).

Since the Amended Complaint does not plead that the Attorney General is a proper defendant in this case, she is entitled to be dismissed on Eleventh Amendment grounds.

## Conclusion

WHEREFORE, for the foregoing reasons, the Attorney General respectfully requests that the Court enter an order dismissing her as a defendant in this case.

Respectfully submitted,

ASHLEY MOODY
Attorney General

/s/ *William H. Stafford III*
WILLIAM H. STAFFORD III
Special Counsel
Florida Bar Number 70394
Office of the Attorney General
General Civil Litigation Division
State Programs Bureau
PL – 01 The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3785
william.stafford@myfloridalegal.com
Tallahassee, Florida 32399-1050

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(F), I hereby certify that the total number of words in this Supporting Memorandum is 1514.

/s/ *William H. Stafford III*
WILLIAM H. STAFFORD III