# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

JANE DOE, et al.,

        *Plaintiffs*,

   v.

JOSEPH A. LADAPO, et al.,

        *Defendants*.

Case No. 4:23-cv-00114-RH-MAF

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Initial Scheduling Order (Dkt. No. 91), Plaintiffs JANE DOE; SUSAN DOE, a minor, by and through her parent and next friend, JANE DOE; BRENDA BOE; BENNETT BOE, a minor, by and through his parent and next friend BRENDA BOE; CARLA COE; CHRISTINA COE, a minor, by and through her parent and next friend CARLA COE; FIONA FOE; FREYA FOE, a minor, by and through her parent and next friend FIONA FOE; GLORIA GOE; GAVIN GOE, a minor, by and through his parent and next friend GLORIA GOE; LINDA LOE; LISA LOE, a minor, by and through her parent and next friend LINDA LOE; PATRICIA POE; PAUL POE, a minor, by and through his parent and next friend PATRICIA POE (collectively, "Plaintiffs"), by and through their undersigned counsel, and

Defendants JOSEPH LADAPO, M.D., in his official capacity as the Surgeon General of the Florida Department of Health; SCOT ACKERMAN, M.D., NICHOLAS W. ROMANELLO, ESQ., WAEL BARSOUM, M.D., MATTHEW R. BENSON, M.D., GREGORY COFFMAN, M.D., AMY DERICK, M.D., DAVID DIAMOND, M.D., PATRICK HUNTER, M.D., LUZ MARINA PAGES, M.D., ELEONON PIMENTEL, M.D., HECTOR VILA, M.D., MICHAEL WASYLIK, M.D., ZACHARIAH P. ZACHARIAH, M.D., MARIA GARCIA, M.D., and NICOLE JUSTICE, in their official capacities as members of the Florida Board of Medicine; WATSON DUCATEL, D.O., TIFFANY SIZEMORE DI PIETRO, D.O., GREGORY WILLIAMS, D.O., MONICA M. MORTENSEN, D.O., VALERIE JACKSON, CHRIS CREEGAN, and WILLIAM D. KIRSH, D.O., in their official capacities as members of the Florida Board of Osteopathic Medicine; MELISSA NELSON, in her official capacity as State Attorney for Florida's Fourth Judicial District; and WILLIAM GLADSON, in his official capacity as State Attorney for Florida's Fifth Judicial District (collectively, "Defendants), by and through their undersigned counsel, respectfully submit this Joint Rule 26(f) Report.

## 1. Rule 26(f) Conference

The parties conferred by telephone and video conference under Fed. R. Civ. P. 26(f) on June 22, July 12, and July 19, 2023, as well as by email.  The parties

agreed to this report on July 20, 2023. Thomas Redburn, Jennifer Levi, Simone Chriss, Chris Stoll and Cynthia Weaver participated in one or more of the video/telephone conferences for Plaintiffs, and Mohammad O. Jazil, William Stafford and Arthur Jacobs participated for Defendants.

**2. Summary of Proposed Deadlines**

| Deadline or Event | The Parties' Proposal |
|---|:---:|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | July 26, 2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | July 21, 2023 |
| Deadline for Plaintiffs to move for a preliminary injunction based on Third Amended Complaint | July 24, 2023 |
| Deadline for Plaintiffs to move for class certification | July 31, 2023 |
| Deadline for Defendants to oppose preliminary injunction motion | August 7, 2023 |
| Deadline for Defendants to oppose the motion for class certification | August 14, 2023 |

| | |
|---|---|
| Hearing on preliminary injunction motion | TBD by the Court |
| Hearing on class certification motion | TBD by the Court |
| Deadline for completing fact discovery for material beyond the *Dekker* record (as discussed below) and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37. | August 9, 2023 |
| Deadline for disclosing any affirmative expert reports for any new (non-*Dekker*) experts. *See* Fed. R. Civ. P. 26(a)(2)(D)(i). | August 16, 2023 |
| Deadline for disclosing any rebuttal expert reports. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). | September 5, 2023 |
| Deadline for completing expert discovery. | September 18, 2023 |
| Deadline for filing *Daubert* motions for any new (non-*Dekker*) experts. | September 25, 2023 |
| Deadline for pretrial disclosures (including exhibit and witness lists). | September 22, 2023 |
| Objections to exhibit and witness lists. | October 2, 2023 |

| | |
|---|---|
| Deadline for responses to dispositive or *Daubert* motions. | October 10, 2023 |
| Deadline for motions *in limine* regarding any new (non-*Dekker*) evidence. | October 10, 2023 |
| Deadline for responses to motions *in limine*. | October 16, 2023 |
| Deadline for filing the joint final pretrial statement/order. | October 23, 2023 |
| Deadline for trial briefs. | October 23, 2023 |
| Date of final pretrial conference. | TBD by Court |
| Trial term begins | October 30, 2023 |
| Estimated length of trial | 2 days |
| Jury/Non-Jury | Non-Jury |
| Mediation | None proposed |
| Consent to proceed before a magistrate judge | No |

## 3. Initial Disclosures

The Parties agree to exchange Rule 26(a)(1) information by July 26, 2023.

This adjustment of the normal 14-day deadline is intended to accommodate the filing

of Plaintiffs' Third Amended Complaint and addition of new parties, discussed in

the next section. The Parties do not propose any changes in the form or requirement for disclosures under Rule 26(a)(1).

### 4. Discovery Plan

#### a. Subject Matter

The Parties propose the following discovery plan. Plaintiffs intend to file (either with Defendants' consent or after seeking leave from the Court) a Third Amended Complaint ("TAC") that challenges additional provisions of Florida law and adds new parties and class action allegations. In addition to pursuing the existing constitutional claims against Florida's ban on gender-affirming care for transgender minors, the proposed TAC would challenge on constitutional grounds the limitations and restrictions on access to gender-affirming care in SB254 and related regulations that are not limited to minors, such as the ban on non-physicians prescribing medications for the treatment of gender dysphoria, the in-person informed consent requirements, and the informed consent provisions and emergency rules promulgated by the Florida Boards of Medicine and Osteopathic Medicine. Simultaneously with filing the proposed TAC (or motion for leave to file same), Plaintiffs also intend to move for a preliminary injunction against these barriers to care and (approximately one week later) for certification of a plaintiff class(es).

In order to facilitate an expeditious resolution on the merits, the Parties have stipulated to use the *Dekker* record for purposes of the trial in this case, subject to reasonable supplementation of that record in light of the particular claims and defenses asserted in this matter. To develop the supplemental record, the Parties propose a brief period for limited fact discovery. The Parties agree that fact discovery will be limited to (1) the individual Plaintiffs' medical records, and (2) the legislative and administrative records underlying SB254 and the challenged regulations – specifically, obtaining transcripts of the legislative and administrative hearings concerning SB254 and the challenged regulations, as well as any other documents that are part of the legislative or administrative records. Within seven days after the initial disclosure deadline provided for in this Rule 26(f) report, Plaintiffs will make available the medical records to defense counsel who have signed the confidentiality protective order. If any Plaintiff is proceeding under a pseudonym, all undersigned Defendants agree to keep the name and identity of the Plaintiffs protected and to disclose the names of such Plaintiffs only to undersigned counsel and any experts.

The Parties agree that Plaintiffs also may serve five interrogatories on Defendants (with all Defendants to receive the same five interrogatories), to be answered within fourteen calendar days after service. These interrogatories will

address the purported state interests underlying SB254 and the challenged regulations, the relationship between those purported interests and the means chosen to achieve them in SB254 and the challenged regulations, and any defenses Defendants intend to pursue at trial, along with the factual basis for those defenses.

Given the number of parties, Plaintiffs may use the discovery responses from the Florida Department of Health as though they represent the perspective of all other Defendants, thus obviating the need for other Defendants to serve separate responses to Plaintiffs' interrogatories.

Defendants propose that they be permitted to depose each of the Plaintiffs for up to three hours over Zoom.  Plaintiffs object to depositions of any of the minor Plaintiffs, and instead propose that Defendants should be limited to deposing two current Plaintiffs who are parents of minor Plaintiffs and two of the four new adult Plaintiffs being added in the proposed Third Amended Complaint.  Any such deposition should be limited to two hours and be conducted over Zoom.

No further fact discovery would be permitted.  Any Party may seek additional, limited discovery upon a showing of exceptional circumstances that warrant such discovery.  And if additional discovery is allowed, the Parties will confer in good faith to move any of the deadlines set forth in this Rule 26(f) report or later adopted by this Court.

8

The limited fact discovery period will be followed by the exchange of opening and rebuttal expert reports, as well as depositions, for any new experts named by the parties who were not disclosed as experts in *Dekker* (as well as supplemental reports from any *Dekker* experts that address issues specific to this case). Plaintiffs anticipate designating 2-3 additional (non-*Dekker*) experts to testify at trial. Plaintiffs believe summary judgment motions are unnecessary in this case, and that the more efficient course is for the parties to work toward an expedited trial at the end of October 2023.

Defendants may designate 2-3 additional experts to testify at trial.

### b.  Electronically Stored Information

To the extent it becomes relevant, disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

The Parties shall preserve ESI consistent with Fed. R. Civ. P. 26, 34, and 37. Pursuant to Fed. R. Civ. P. 34, absent a request for a specific method of production, ESI shall be produced, on a rolling basis, in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

The Parties further agree to discuss and seek agreement on protocols with respect to the identification, review, and production of electronically stored

information ESI.  The Parties have agreed to negotiate in good faith on the following
issues:

- The need to produce various forms of ESI;

- Limitations on the production of ESI, such as, for example, on the basis
  of search terms to be agreed upon by the parties;

- Scheduled timing for updating the production of ESI during the course
  of litigation;

- The format of document production; and

- Defining the scope of production of ESI that is "not reasonably
  accessible because of undue burden or cost," and procedures to compel
  production of such information.

**c. Discovery Deadlines and Proposed Trial Date**

As explained above, Plaintiffs propose an October 30, 2023 trial date.
Although the Initial Scheduling Order (Dkt. No. 91) set a trial date of April 15, 2024,
paragraph 4 of that Order invites the parties to jointly request an earlier trial.
Plaintiffs respectfully submit that an earlier trial is warranted here given (1) the
ongoing serious harm being caused to transgender persons in Florida by the
challenged provisions' barriers to obtaining necessary medical care, and (2) the
comprehensiveness of the *Dekker* record.

10

Assuming a trial date of October 30, 2023 and agreement between the parties on the scope of fact discovery, Plaintiffs propose that the last date to complete fact discovery is August 9, 2023, and the last date to complete expert discovery is September 18, 2023.

### d. Interrogatories

Plaintiffs propose serving five written interrogatories on each Defendant. Given the accelerated fact discovery period, each responding party must serve its answers and any objections within fourteen calendar days after being served with the interrogatories, consistent with Fed. R. Civ. P. 33.

### e. Experts

The Parties agree that limited expert discovery is necessary in this case and that such discovery should be bifurcated from fact discovery.

Assuming a trial date of October 30, 2023, the Parties propose the following deadlines for disclosures and reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) for (1) any new experts (who were not disclosed as expert witnesses in *Dekker*) and (2) supplemental reports from any *Dekker* experts that address issues specific to this case:

      i.      Affirmative expert reports are due by August 16, 2023.

      ii.     Rebuttal expert reports are due by September 5, 2023.

### f. Service of Discovery

The Parties consent to email service of discovery requests and responses.

## 5. Other Items Discussed at the Joint Meeting

The Parties discussed certain other matters during their joint meetings about which they wish to advise the court:

### a. Deadline to Amend Pleadings and Join Parties/Class Certification

The Parties agreed to a deadline of July 21, 2023 for amending the pleadings and joining parties.

Plaintiffs also intend to move for class certification under Rule 23, and propose a deadline of July 31, 2023 for filing their motion.  The Parties will attempt to reach agreement on a set of stipulated facts for use in resolving Plaintiffs' class certification motion that would obviate the need for any discovery on class certification issues.

### b. Dispositive and *Daubert* Motions

The Parties agree that dispositive motions are unnecessary, but that *Daubert* motions may be appropriate for experts designated in this case that were not disclosed as expert witnesses in *Dekker*.  Assuming a trial date of October 30, 2023, the Parties propose the following deadlines:

      i. *Daubert* motions are due September 25, 2023;

ii.  Responses to *Daubert* motions are due October 10, 2023.

**c.  Pretrial Disclosures**

Assuming a trial date of October 30, 2023, the Parties propose that pretrial disclosures, including exhibit lists, witness lists, and deposition designations, under Rule 26(a)(3)(A) be filed by September 22, 2023 and that any objections under Rule 26(a)(3)(A) be filed by October 2, 2023.

**d.  Trial Length**

The Parties presently believe that a bench trial for this matter will take 2 days.

**e.  Motions**

The Parties' position is that the response times for motions, except as otherwise specified herein, should be that set forth in Local Rule 7.1(E)

**f.  Privileged Information**

In accordance with Rule 26(f)(3)(D), the Parties have discussed certain issues related to claims of privilege.  The Parties agree that an inadvertent production of privileged or trial-preparation materials (absent a clear written statement of intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the Party making the production or disclosure promptly identifies any such document(s) mistakenly produced after discovery of the inadvertent production.  The Parties further agree that, upon request, any such

mistakenly produced documents shall be returned.  In the event a dispute over the production of any privileged materials develops, a log shall be made specifically identifying all said information.  In the event that the use or further disclosure of any privileged materials develops during this action, the receiving Party must sequester all copies of said information and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

### g.  Confidential Information

The Parties agree that pursuant to Rule 26(f), and before the disclosure of any confidential information, they will file a mutually agreeable protective order specifying that the information and documents to be produced shall not be generally disclosed, and shall only be used in the course of this litigation.  The Parties reserve the right to move for a Protective Order with regard to the production of any confidential information in the event that the Parties are not able to agree on a consent protective order.

*      *      *

Given the Parties' request for an accelerated trial date and the disputes noted herein, the Parties request a prompt conference with the Court before a Scheduling

Order is entered to discuss how to expeditiously bring this case to a resolution on the merits.

Respectfully submitted this 20th day of July, 2023.

*For Plaintiffs:*

**SOUTHERN LEGAL COUNSEL**

*By: /s/ Simone Chriss*
**Simone Chriss**
Florida Bar No. 124062
**Chelsea Dunn**
Florida Bar No. 1013541
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**HUMAN RIGHTS CAMPAIGN
FOUNDATION**
**Cynthia Cheng-Wun Weaver***
NY No. 5091848
**Jason Starr*** NY No. 5005194
**Ami Patel*** CA No. 325647
1640 Rhode Island Avenue NW
Washington, D.C. 20036
(202) 993-4180
Cynthia.Weaver@hrc.org
Jason.Starr@hrc.org
Ami.Patel@hrc.org

**LOWENSTEIN SANDLER LLP**
**Thomas E. Redburn, Jr.**
  (*pro hac vice*)
New York Bar No. 5822036
**Maya Ginsburg**
  (*pro hac vice*)
New York Bar No. 5128152
1251 Avenue of the Americas
New York, NY 10020
(212) 262-6700
tredburn@lowenstein.com
mginsburg@lowenstein.com

**NATIONAL CENTER FOR
LESBIAN RIGHTS**

**Christopher F. Stoll***
CA Bar No. 179046
**Kelly Jo Popkin***
NY Bar No. 5698220
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel. 415-365-1320
cstoll@nclrights.org
kpopkin@nclrights.org

**GLBTQ LEGAL ADVOCATES &
DEFENDERS**

**Jennifer Levi* Chris Erchull***
18 Tremont, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org cerchull@glad.org

* Admitted by *pro hac vice*

*Counsel for Plaintiffs*

*For Defendants:*

**Ashley Moody**
ATTORNEY GENERAL

*/s/ James H. Percival*
**James H. Percival** (FBN 1016188)
CHIEF OF STAFF

*/s/ Henry C. Whitaker*
**Henry C. Whitaker** (FBN 1031175)
SOLICITOR GENERAL

*/s/ Daniel William Bell*
**Daniel William Bell** (FBN 1008587)
CHIEF DEPUTY SOLICITOR
GENERAL

*/s/ Joseph E. Hart*
**Joseph E. Hart** (FBN 0124720)
COUNSELOR      TO      THE
ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)

Joseph.Hart@myfloridalegal.com

*Counsel for the Surgeon General, the*
*Department of Health, and State*
*Attorney Gladson*

Respectfully submitted by:

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN
72556) Gary V. Perko (FBN
855898) Michael Beato (FBN
1017715) Holtzman Vogel
Baran Torchinsky & Josefiak
PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com

*Counsel for the Surgeon General, the*
*Department of Health, the Boards of*
*Medicine, and the individual Board*
*Members*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 20, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served by process server the foregoing on the following non-CM/ECF participants:

>Melissa W. Nelson
>Ed Austin Building
>311 West Monroe Street
>Jacksonville, Florida 32202
>
>William Gladson
>Office of the State Attorney
>Citrus County Courthouse
>110 North Apopka Ave.
>3rd Floor RM 2-372
>Inverness, FL 34450-4293

>/s/ Simone Chriss
>**Simone Chriss**
>Counsel for Plaintiffs