IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| JANE DOE et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH A. LADAPO et al.,<br><br>    Defendants. | Civil No. 4:23-cv-00114-RH-MAF |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND JOIN NEW PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(1), Plaintiffs Jane Doe, individually and on behalf of her minor daughter Susan Doe, Brenda Boe, individually and on behalf of her minor son Bennett Boe, Carla Coe, individually and on behalf of her minor daughter Christina Coe, Fiona Foe, individually and on behalf of her minor daughter Freya Foe, Gloria Goe, individually and on behalf of her minor son Gavin Goe, Linda Loe, individually and on behalf of her minor daughter Lisa Loe, and Patricia Poe, individually and on behalf of her minor son Paul Poe, hereby move for leave to file the Third Amended Complaint for Classwide Declaratory and Injunctive Relief (the "TAC"), attached hereto as Exhibit A, and join four new plaintiffs, respectfully showing the Court as follows:

-1-

1. Plaintiffs Jane Doe, Susan Doe, Brenda Boe, Bennett Boe, Carla Coe, Christina Coe, Fiona Foe, and Freya Foe filed the original complaint on March 23, 2023, asserting federal constitutional claims challenging the Florida Boards of Medicine and Osteopathic Medicine (the "Boards") rules prohibiting Parent Plaintiffs from seeking and obtaining effective medical treatment for gender dysphoria in Florida for their adolescent children and prohibiting Minor Plaintiffs from accessing established, medically necessary care for the treatment of their gender dysphoria (the "Minor Transgender Medical Bans").

2. On April 24, 2023, the then-plaintiffs filed a First Amended Complaint (the "FAC"), adding Gloria Goe, Gavin Goe, Linda Loe, Lisa Loe, Patricia Poe, and Paul Poe (collectively, "Plaintiffs") as additional plaintiffs. (Dkt. 29.) On April 24, 2023, Plaintiffs also filed a Motion for a Preliminary Injunction, seeking to enjoin the Minor Transgender Medical Bans (the "First PI Motion"). (Dkt. 30.)

3. On May 4, 2023, the Florida legislature passed Florida Senate Bill 254, an "act relating to treatments for sex reassignment" ("SB 254"), which codifies the Minor Transgender Medical Bans into state law, imposes felony and civil penalties for medical providers, and creates additional barriers for families with transgender adolescents and for transgender adults. Florida Governor Ron DeSantis signed SB 254 into law on May 17, 2023.

4. On May 17, 2023, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint, to challenge Sections 4 through 7 of SB 254 and to add certain individuals as defendants, including the Attorney General of Florida and each of Florida's State Attorneys. (Dkt. 56.) On May 17, 2023, Plaintiffs also filed a Motion for Temporary Restraining Order or Preliminary Injunction and supporting memorandum (the "Second PI Motion"). (Dkt. 57.) On May 22, 2023, this Court granted leave to file the Second Amended Complaint. (Dkt. 65.) The Second Amended Complaint (the "SAC") was deemed filed as of May 19, 2023.

5. On June 6, 2023, this Court granted in part and denied in part Plaintiffs' First and Second PI Motions, finding that Plaintiffs are likely to prevail on both their equal protection and parental-rights claims. (Dkt. 90.) On June 16, 2023, the Court entered an order dismissing all claims against Florida's Attorney General. (Dkt. 99.) On June 22, 2023, the Court entered a Stipulation and Order dismissing most of the State Attorney Defendants without prejudice and on conditions set forth therein. (Dkt. 103.)

6. On July 20, 2023, the parties filed the Joint 23(f) Report, setting July 21, 2023, as the deadline for moving to join a party or amend the pleadings. (Dkt. 113.)

7. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's

leave" and that "[t]he court should freely give leave when justice so requires." There must be "a substantial reason to deny a motion to amend." *Sims v. Corrections Corp. of America*, 2009 WL 10675297, at *1 (N.D. Fla. June 23, 2009) (citing *Laurie v. Alabama Court of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001)). Such reasons include "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Sims*, 2009 WL 10675297, at *1 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

8. Plaintiffs now seek leave to amend the SAC to, *inter alia*, (i) challenge the provisions of SB 254 that forbid qualified health practitioners, other than physicians, from providing transition medical treatment to transgender adults and eligible transgender minors, (ii) challenge the provisions of SB 254 and the Boards' emergency rules requiring transgender adults and eligible transgender minors to meet certain informed consent requirements before they can obtain medically necessary transition treatment, (iii) join four new adult transgender plaintiffs who cannot access transition treatment due to the physician and informed consent barriers created by SB 254, and (iv) seek classwide relief for these claims and the challenges to the Minor Transgender Medical Bans, on behalf of all similarly-situated transgender persons in the State of Florida.

9. There is no substantial reason to deny Plaintiffs' request for leave to amend. Plaintiffs did not unduly delay the filing of this motion; the full effects of SB 254's physician barrier took weeks to materialize once the bill became effective on May 17, 2023, and the Boards' emergency rules implementing the informed consent provisions of SB 254 challenged in the proposed TAC were recently issued on July 7, 2023. The proposed TAC has a good-faith basis because it challenges alleged unlawful restrictions on access to essential medical care for transgender minors and adults. Further, the proposed TAC does not prejudice Defendants, as this case is still in its early stages.

10. Defendants are aware of the claims and allegations asserted in the TAC. Plaintiffs conferred by email with counsel for Defendants regarding their position on this matter on July 20, 2023 and July 21, 2023. Defendants indicated that they take no position on the motion for leave to file the TAC.

11. Plaintiffs believe the proposed TAC will better serve the interests of justice and the efficient resolution of this matter.

12. Wherefore, Plaintiffs respectfully request that the Court grant their motion for leave to amend and permit Plaintiffs to file the TAC attached hereto as Exhibit A.

Respectfully submitted this 21st day of July, 2023.

| | |
|---|---|
| **SOUTHERN LEGAL COUNSEL** | **NATIONAL CENTER FOR LESBIAN RIGHTS** |

*By: /s/ Simone Chriss*
**Simone Chriss**
Florida Bar No. 124062
**Chelsea Dunn**
Florida Bar No. 1013541
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**Christopher F. Stoll***
CA Bar No. 179046
**Kelly Jo Popkin***
NY Bar No. 5698220
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel. 415-365-1320
cstoll@nclrights.org
kpopkin@nclrights.org

**HUMAN RIGHTS CAMPAIGN FOUNDATION**

**GLBTQ LEGAL ADVOCATES & DEFENDERS**

**Cynthia Cheng-Wun Weaver***
NY No. 5091848
**Jason Starr*** NY No. 5005194
**Ami Patel*** CA No. 325647
1640 Rhode Island Avenue NW
Washington, D.C. 20036
(202) 993-4180
Cynthia.Weaver@hrc.org
Jason.Starr@hrc.org
Ami.Patel@hrc.org

**Jennifer Levi* Chris Erchull***
18 Tremont, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org cerchull@glad.org


* Admitted by *pro hac vice*

*Counsel for Plaintiffs*

**LOWENSTEIN SANDLER LLP**
**Thomas E. Redburn, Jr.**
  (*pro hac vice*)
New York Bar No. 5822036
**Maya Ginsburg**
  (*pro hac vice*)
New York Bar No. 5128152
1251 Avenue of the Americas
New York, NY 10020
(212) 262-6700
tredburn@lowenstein.com
mginsburg@lowenstein.com

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), the undersigned counsel certifies that, according to Microsoft Word, the word-processing system used to prepare this Motion, there are 1032 total words contained within the Motion.

/s/ Simone Chriss
**Simone Chriss**
Counsel for Plaintiffs

## CERTIFICATE OF SATISFATION OF ATTORNEY CONFERENCE REQUIREMENT

Pursuant to Local Rule 7.1(B)-(C), counsel for the Plaintiffs conferred with counsel for the Defendants on July 20, 2023 and on July 21, 2023. Counsel for Defendants indicated that Defendants take no position on this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ Simone Chriss
**Simone Chriss**
Counsel for Plaintiffs