IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE et al.,

    Plaintiffs,

v.

JOSEPH A. LADAPO et al.,

    Defendants.

Civil No. 4:23-cv-00114-RH-MAF

### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs move for a preliminary injunction preventing enforcement of the restrictions on medical care for adult transgender Floridians in Senate Bill 254, an "act relating to treatments for sex reassignment" ("SB 254").[1]

SB 254 mandates new informed consent criteria for adult transgender patients. Under these criteria, for a patient over 18 years old to receive transition treatments,[2] the patient's physician must obtain informed consent (i) by being physically present with the patient while (ii) the patient signs a form adopted by the Florida Boards of Medicine and Osteopathic Medicine (the "Boards"). The Boards have issued three

---

[1] SB 254, Section 5, creates Fla. Stat. § 456.52, titled "Sex-reassignment prescriptions and procedures; prohibitions; informed consent."
[2] Defined in SB 254, Section 4(9)(a)(1)-(3) (Fla. Stat. § 456.001(9)(a)(1)-(3)).

-1-

consent forms: two for hormone therapy (one for masculinizing and one for feminizing treatment) (together, the "Hormone Therapy Consent Forms") and one for surgery (collectively, the "Informed Consent Forms"). SB 254 mandates that only licensed physicians can provide transition care and patients must sign the same form any time they receive a new prescription. Physicians who violate these requirements may face disciplinary action or criminal prosecution. Fla. Stat. § 456.52(5)(c).

Each of the Adult Plaintiffs has been diagnosed with gender dysphoria and requires ongoing transition-related care, but SB 254 bars them from receiving treatment in a timely way, or in some cases, at all.

The Adult Plaintiffs are likely to succeed on the merits of their equal protection claim. SB 254 singles out transgender individuals and creates arbitrary, harmful, and medically unjustified restrictions that deter them from obtaining needed medical care. Defendants cannot meet their burden to justify this disparate treatment. SB 254's targeting of transgender adults is not substantially related to any important governmental interest. SB 254's restrictions on transgender adults' ability to obtain care, and those in the Informed Consent Forms, are not even rational. Rather than fostering any interests in health or safety, they undermine them.

Without the requested relief, SB 254 will cause irreparable harm to the Adult Plaintiffs, who will suffer numerous mental and physical injuries. The Adult Plaintiffs have no adequate remedy at law.

The balance of equities and public interest tip sharply in favor of the Adult Plaintiffs. A preliminary injunction would enable transgender individuals to obtain medically needed care on the same terms as other patients, without facing arbitrary barriers. Defendants face no burden from a preliminary injunction that would maintain the status quo prior to the passage of SB 254.

Plaintiffs respectfully request that the Court exercise its discretion to waive the Federal Rule of Civil Procedure 65(c) security requirement. *BellSouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). Public interest litigation is a recognized exception to the bond requirement.

**WHEREFORE**, the Adult Plaintiffs respectfully request an order preliminarily enjoining Defendants from enforcing SB 254, Section 5(2)–(5) (Fla. Stat. § 456.52(2)–(5)).

**SOUTHERN LEGAL COUNSEL**

*By: /s/ Simone Chriss*
**Simone Chriss**
Florida Bar No. 124062
**Chelsea Dunn**
Florida Bar No. 1013541
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**HUMAN RIGHTS CAMPAIGN FOUNDATION**

**Cynthia Cheng-Wun Weaver***
NY No. 5091848
**Jason Starr*** NY No. 5005194
**Ami Patel*** CA No. 325647
1640 Rhode Island Avenue NW
Washington, D.C. 20036
(202) 993-4180
Cynthia.Weaver@hrc.org
Jason.Starr@hrc.org
Ami.Patel@hrc.org

**LOWENSTEIN SANDLER LLP**

**Thomas E. Redburn, Jr.***
New York Bar No. 5822036
**Maya Ginsburg***
New York Bar No. 5128152
1251 Avenue of the Americas
New York, NY 10020
(212) 262-6700
tredburn@lowenstein.com
mginsburg@lowenstein.com

**NATIONAL CENTER FOR LESBIAN RIGHTS**

**Christopher F. Stoll***
CA Bar No. 179046
**Kelly Jo Popkin***
NY Bar No. 5698220
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel. 415-365-1320
cstoll@nclrights.org
kpopkin@nclrights.org

**GLBTQ LEGAL ADVOCATES & DEFENDERS**

**Jennifer Levi* Chris Erchull***
18 Tremont, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org cerchull@glad.org


* Admitted by *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served by process server the foregoing on the following non-CM/ECF participants:

William Gladson
Office of the State Attorney
Citrus County Courthouse
110 North Apopka Ave.
3rd Floor RM 2-372
Inverness, FL 34450-4293

*/s/ Simone Chriss*
**Simone Chriss**
Counsel for Plaintiffs