IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| JANE DOE et al.,<br><br>Plaintiffs,<br><br>v.<br><br><br>JOSEPH A. LADAPO et al.,<br><br>Defendants. | Civil No. 4:23-cv-00114-RH-MAF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

### [PROPOSED] PRELIMINARY INJUNCTION ORDER

Plaintiffs Kai Pope, Lucien Hamel, Olivia Noel and Rebecca Cruz Evia (collectively, "Adult Plaintiffs") have moved this Court for a preliminary injunction pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, seeking to block enforcement of the targeted restrictions on medical care for adult transgender people in Florida Senate Bill 254, an "act relating to treatments for sex reassignment . . ." ("SB 254"), which has become law and went into effect on May 17, 2023.

SB 254 imposes arbitrary, harmful, and medically unjustified requirements on the provision of transition-related care for transgender people, including requiring physicians to be physically present in the same room with a transgender patient when obtaining consent, requiring providers to provide transgender patients with a mandatory consent form that includes false and misleading information, requiring providers to deny care to transgender

1

patients unless they undergo extremely burdensome and unnecessary mental health evaluations and counseling, and providing that only a licensed physician (i.e., a licensed medical doctor (an "MD") or licensed doctor of osteopathic medicine (a "DO") can provide transition-related medical care. Any healthcare practitioner who violates the mandates may be subject to a disciplinary action by the Florida Boards of Medicine and Osteopathic Medicine and prosecuted for a misdemeanor in the first degree. *See* SB 254, § 5 (2023) (Second Engrossed).

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as all declarations and other evidence submitted in support of Plaintiffs' prior Motion for a preliminary injunction, has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65 that Plaintiffs have demonstrated: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) the equities weigh in favor of the Plaintiffs, and (4) that granting preliminary relief is in the public interest.

Plaintiffs have established a likelihood of success on the merits of their claim that SB 254 violates Plaintiffs' right to equal protection under the Fourteenth Amendment of the United States Constitution by singling out transgender patients because of their sex and transgender status to prevent them from obtaining medically necessary care and criminalizing the provision of established and necessary medical care to transgender adults.

Plaintiffs have demonstrated that, absent a preliminary order preventing SB 254 from taking effect, they will be denied medical care and suffer irreparable constitutional, physical, emotional, psychological, and other harms for which there is no adequate remedy at law.  The provisions of SB 254, if permitted to go into effect, will prevent Plaintiffs from obtaining the essential medical care they need. The balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests weigh in favor of granting Plaintiffs' motion to preserve the status quo, and a preliminary injunction is in the public interest.

The Court finds that Plaintiffs are not required to provide security pursuant to Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors, and any person in active concert or participation with them, are PRELIMINARILY ENJOINED from enforcing, threatening to enforce, or otherwise requiring compliance with Florida Senate Bill 254.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service and shall remain in effect pending trial in this action or further order of this Court.

Done this _____ day of _____, 2023.