# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

| | |
|---|---|
| JANE DOE, individually and on behalf of her minor daughter, SUSAN DOE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEPH A. LADAPO, M.D., *in his official capacity as Florida's Surgeon General of the Florida Department of Health,* et al.,<br><br>*Defendants*. | Case No. 4:23-cv-00114-RH-MAF |

## STIPULATED PROTECTIVE ORDER

WHEREAS the Court has granted the motion of Plaintiffs Jane Doe, Susan Doe, Brenda Boe, Bennett Boe, Carla Coe, Christina Coe, Fiona Foe, Freya Foe, Gloria Goe, Gavin Goe, Linda Loe, Lisa Loe, Patricia Poe, and Paul Poe to proceed under pseudonyms, (Doc. 51);

WHEREAS the parties[1] stipulate that there is good cause to protect from public disclosure the actual identities of the parties proceeding by pseudonyms in

---

[1] This Order shall apply to Defendants the Boards of Medicine and individual Board Members who are represented by the law firm Holtzman Vogel Baran Torchinsky & Josefiak PLLC only. All other Defendants are not signatories to this Order and thus are not included in any reference to "party," "parties," or "Defendants."

this case;

WHEREAS the parties recognize that discovery in the above-captioned matter may require the exchange of highly confidential and private information beyond the identities of the parties and witnesses; and

WHEREAS the parties stipulate to the terms of this protective order;

NOW THEREFORE, the Court orders as follows:

1. The parties may, in good faith, designate in whole or in part as "Confidential – Attorney's Eyes Only" any document or electronically stored information (collectively, "document") that contains Confidential Information. For the purposes of this Protective Order, "Confidential Information" means information produced in this Action (regardless of how it is generated, stored, or maintained) that: (i) Qualifies for protection under Federal Rule of Civil Procedure 5.2(a) or 26(c); (ii) Constitutes, includes, or is contained in "records" subject to the Privacy Act, 5 U.S.C. § 552a; (iii) Contains personal identifying information, including names of any pseudonymous party (as well as the names of other individuals that would reveal the identity of any pseudonymous party), social security numbers, taxpayer identification numbers, birth dates, addresses, telephone numbers, or financial account information; (iv) Contains any individual's privacy-protected personal health information; or (v) is other information the confidentiality of which the Producing Party is under a legal duty to protect. Such designation may be made

by stamping "Confidential" or "Confidential – Attorney's Eyes Only" on a document or, if a document cannot be stamped, by including "Confidential" or "Confidential – Attorney's Eyes Only" in the document file name. If a party inadvertently or mistakenly produces a document without designating it as provided in this order, the producing party may give written notice to the receiving party that the document at issue is "Confidential" or "Confidential – Attorney's Eyes Only" and should be treated as such in accordance with this order. In such instance, the producing party shall also provide copies of the material at issue properly designated as required under this order within a reasonable time. Upon receipt of such notice, the receiving party shall treat such information consistent with the redesignation.

2. For the purpose of this Protective Order, "document" shall include, but is not limited to: correspondence; memoranda; insurance information; email; clinician and/or patient information; materials that identify clinicians, and/or patients or potential patients; letters; statements; audio and/or video recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; internet archives; answers to interrogatories; responses to requests for admissions; trial testimony; deposition testimony; and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom.

3. Production or designation of documents pursuant to this protective

order shall not constitute a ruling on discoverability, relevance, admissibility of the documents, or information contained therein.

4. All documents filed with this Court that are designated as "Confidential – Attorney's Eyes Only" or that otherwise contain Confidential Information, as defined in paragraph 1 above, shall be filed, if at all, under seal. Upon agreement of the parties, a document containing Confidential Information that has been redacted need not be filed under seal.

5. In all publicly filed documents and at all public hearings and trials before this Court, the pseudonymous parties shall be identified and referred to only by their pseudonyms.

6. If a party seeks to use in any way at any public hearing or trial before this Court a document designated as "Confidential – Attorney's Eyes Only" or otherwise containing Confidential Information, as defined in paragraph 1 above, without redacting all Confidential Information, then counsel for the parties shall confer on procedures necessary to protect the confidentiality of that document and the Confidential Information contained in the document. Such document and the Confidential Information contained in the document shall not lose its protected status through such agreed-upon use.

7. Upon request by another party, counsel for a pseudonymous party who will provide live, recorded, or written testimony in this case, shall disclose the

identity of the party to counsel for the requesting party. The identities of persons subject to this Order shall be used only for purposes of this Litigation, and may be shared only as set forth herein.

8. Documents designated as "Confidential – Attorney's Eyes Only" or that contain any Confidential Information, as defined in paragraph 1 above, shall be used solely for purposes of this litigation and may not be used for any other purpose, including for any law enforcement purpose.

9. Counsel for the parties may disclose the identities of the pseudonymous parties, as well as documents designated as "Confidential – Attorney's Eyes Only" and any other documents that contain Confidential Information, as defined in paragraph 1 above, to counsel for the parties and their employees and agents, including any expert witness retained for this case, but only to the extent necessary to litigate this case and only after the person to whom disclosure will be made has read this order and agreed to be bound by it by signing the undertaking attached to this order as Attachment A.

10. Defendants and their counsel shall not disclose the identities of the pseudonymous Plaintiffs, any documents designated as "Confidential – Attorney's Eyes Only" or any other Confidential Information as defined in paragraph 1 above, to any person authorized to or involved in investigating, prosecuting, or otherwise enforcing any actual, alleged, or possible violation of any law or regulation,

including Senate Bill 254 ("SB 254"), Board of Medicine Rule 64B8-9.019, Fla. Admin. Code, and Board of Osteopathic Medicine Rule 64B15-14.014, Fla. Admin. Code (collectively, the "Medical Bans"), except as required by law other than the Medical Bans or between the counsel of the parties to this Stipulated Protective Order. Nothing in this agreement shall prevent any person authorized to or involved in investigating, prosecuting, or otherwise enforcing any actual, alleged, or possible violation of any law or regulation from using independently developed evidence or information to enforce any law or regulation, including the Medical Bans.

11.   Individuals to whom the pseudonymous parties' identities, any documents designated as "Confidential – Attorney's Eyes Only," or any other Confidential Information, as defined in paragraph 1 above, are disclosed pursuant to paragraph 7 above shall not further disclose that information to any other person except as allowed by paragraph 7 above.

12.   Except as provided in this order, under no circumstances shall any person disclose the identities of the pseudonymous parties, any documents designated as "Confidential – Attorney's Eyes Only," or any other Confidential Information, as defined in paragraph 1 above.

13.   If a person discloses the identity of a pseudonymous party, a document designated as "Confidential – Attorney's Eyes Only," Confidential Information, as defined in paragraph 1, in a manner not authorized in this order, that person must

immediately and in writing notify the producing party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by the recipient or by the person to whom the recipient disclosed such information.

14. If any specific issues related to nondisclosure of the pseudonymous parties' identities arise during the course of this case, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further direction from this Court.

15. The parties agree to be bound by the terms of this order pending entry by the Court, and any violation of its terms shall be subject to the same penalties and sanctions as if this order had been entered by the Court.

16. Within 60 days after final termination of this case (including final disposition of any appeals), all unredacted documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" or containing Confidential Information shall be returned to the producing party or destroyed, at the option of the producing party. At the request of the producing party, a party shall certify in writing that it has undertaken its best efforts to destroy or return such documents and that such documents have been returned or destroyed to the best of its knowledge.

17. This order shall continue to be binding after the conclusion of this case, including any appeals, absent prior written consent of all parties or order of this

Court, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal.

18.    The parties agree that they shall designate as "Confidential" or "Confidential – Attorney's Eyes Only" only such documents, electronically stored information ("ESI"), and other things that truly contain private and highly sensitive information relating to a party or to non-parties. The parties agree that if disputes arise about whether a document or information should be designated as "Confidential," or about the applicability of this Order, such disputes shall be resolved, if possible, by agreement of the parties of this action, but that the Court will decide any disputes the parties are unable to resolve themselves.

**DONE** and **ORDERED** August ___, 2023.

> _____
> UNITED STATES DISTRICT JUDGE

# Attachment A

# Declaration and Agreement to be Bound by Stipulated Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
**Tallahassee Division**

| | |
|---|---|
| JANE DOE, individually and on behalf of her minor daughter, SUSAN DOE, et al.,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>JOSEPH A. LADAPO, M.D., *in his official capacity as Florida's Surgeon General of the Florida Department of Health,* et al.,<br><br>        *Defendants*. | Case No. 4:23-cv-00114-RH-MAF<br>Hon. Robert L. Hinkle |

## DECLARATION AND AGREEMENT TO BE BOUND BY <u>STIPULATED PROTECTIVE ORDER</u>

I, _____, hereby attest to my understanding that information or documents designated "Confidential" or "Confidential – Attorneys Eyes Only" are provided to me subject to the Stipulated Protective Order and HIPAA Qualified Protective Order (collectively, "Orders") entered by the Court in the above-captioned litigation ("Litigation"), Dkts. \_\_\_\_ & \_\_\_\_; that I have been given a copy of and have read the Orders; and that I agree to be bound by their terms. I also understand that my execution of this Acknowledgment to the Orders, indicating my agreement to be bound by the Orders, is a prerequisite to my review of any

information or documents designated as "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to the Orders.

I further agree that I shall not disclose to others, except in accord with the Orders, any Confidential Information, in any form whatsoever, and that such Confidential Information and the information contained therein may be used only for the purposes authorized by the Orders.

I further agree to return all copies of any documents or information containing Confidential Information I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Orders, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Northern District of Florida, for the purposes of any proceedings relating to enforcement of the Orders, even if such enforcement proceedings occur after termination of this action.

I further agree to be bound by and to comply with the terms of the Orders as

soon as I sign this Acknowledgment.

  Executed this _____ day of _____, _____.

                _____

                Signature

                _____

                Name (Printed)