# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# Tallahassee Division

| | |
|---|---|
| JANE DOE, individually and on behalf of her minor daughter, SUSAN DOE, et al., <br><br> *Plaintiffs*, <br> v. <br><br> JOSEPH A. LADAPO, M.D., *in his official capacity as Florida's Surgeon General of the Florida Department of Health,* et al., <br><br> *Defendants*. | Case No. 4:23-cv-00114-RH-MAF |

## HIPAA QUALIFIED PROTECTIVE ORDER AND ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION

The Court issues this stipulated HIPAA Qualified Protective Order in accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder, including specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(l)(v), to enable the production and limit the use or disclosure of Protected Health Information in this Litigation. This order incorporates the provisions of the Parties'[1] stipulated Protective Order that

---

[1] This Order shall apply to Defendants the Boards of Medicine and individual Board Members who are represented by the law firm Holtzman Vogel Baran Torchinsky & Josefiak PLLC only. All other Defendants are not signatories to this Order and thus are not included in any reference to "party," "parties," or "Defendants."

governs the designation and use of documents marked "Confidential" or "Confidential – Attorney's Eyes Only," which applies to the documents and information that are the subject of this order.

A. **DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1. "Litigation" means the above-captioned matter and any appeals thereof.

2. "Covered entity" shall have the same definition as set forth in 45 C.F.R. § 160.103.

3. "Protected Health Information" ("PHI") shall have the same definition as set forth in 45 C.F.R. § 160.103.

B. **AUTHORIZATIONS, PROHIBITIONS, AND REQUIREMENTS RELATING TO PHI**

1. The parties are hereby authorized through discovery to receive, subpoena, and transmit PHI, to the extent that such information is otherwise discoverable and not objectionable, subject to all conditions outlined herein. Pursuant to this Order, all parties are:

    a. prohibited from using or disclosing PHI for any purpose other than the prosecution and defense of this Litigation; and

- 3 -

    b. required to securely destroy all copies of PHI or to return them to the disclosing entity within forty-five (45) days of the conclusion of this Litigation, including final disposition of any appeals.

2. **<u>Subpoenas</u>**. Based upon this HIPAA Qualified Protective Order and commencing immediately from the date of this Order, covered entities shall COMPLY with, and are hereby AUTHORIZED and ORDERED to use or disclose PHI in response to, any and all subpoenas for records without deposition pursuant to Federal Rule of Civil Procedure 45 to which no objection has been timely filed as well as any other subpoenas served upon them at any future time in the course of this Litigation.

3. **<u>Interrogatories, Requests for Production, Requests for Copies, and Expert Communications</u>**. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and designees of each party to this HIPAA Qualified Protective Order are expressly and specifically AUTHORIZED and ORDERED to:

    a. respond to valid Requests for Production or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the Litigation seeking PHI; and

      b. respond to valid and timely Requests for Copies served pursuant to the Federal Rules of Civil Procedure in the Litigation for production of documents and things without deposition concerning PHI.

4. ***Depositions***.  In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the Litigation, including but not limited to a party, a fact witness, a records custodian, an expert, or a healthcare provider of any type, is expressly and specifically AUTHORIZED and ORDERED to use or to disclose to the attorneys, agents, employees, and designees of the parties to this HIPAA Qualified Protective Order the PHI of a person that is responsive to deposition questions or a valid subpoena duces tecum at such duly-noticed deposition in the Litigation, subject to the Parties' stipulated Protective Order.

5. ***Judicial Proceedings***.  In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of compliance with HIPAA, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this Litigation, including but not limited to trial, are specifically and expressly AUTHORIZED and ORDERED to use and

disclose the PHI of a person in any form at such judicial proceeding, subject to the Parties' stipulated Protective Order.

6. The parties and their attorneys shall be permitted to use PHI in any manner allowable under the Parties' stipulated Protective Order. Furthermore, consistent with the Protective Order, prior to the disclosure of any PHI, any party or counsel shall obtain a signed acknowledgement, as attached to the Protective Order, from the person to whom the PHI is being disclosed. Counsel providing access to PHI shall retain copies of the executed Acknowledgment(s) and provide them to another party as requested.

7. Nothing in the Order shall permit the counsel for any party, other than the party representing the patient, to engage in ex parte communications with the healthcare provider for a party to this Litigation, or a party's child, concerning the treatment of that party or party's child.

8. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

9. The provisions of this Order shall not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States

District Court for the Northern District of Florida, for the purposes of enforcement of the terms of this Order.

    10.    A copy of this Order shall be valid as an original.

SO ORDERED on August 3, 2023.

                                s/Robert L. Hinkle
                                United States District Judge