# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
Tallahassee Division**

| | |
|---|---|
| JANE DOE, individually and on behalf of her minor daughter, SUSAN DOE, et al., <br><br> *Plaintiffs,* <br> v. <br><br> JOSEPH A. LADAPO, M.D., *in his official capacity as Florida's Surgeon General of the Florida Department of Health,* et al., <br><br> *Defendants.* | Case No. 4:23-cv-00114-RH-MAF |

**STIPULATED PROTECTIVE ORDER**

WHEREAS the Court has granted the motion of Plaintiffs Jane Doe, Susan Doe, Brenda Boe, Bennett Boe, Carla Coe, Christina Coe, Fiona Foe, Freya Foe, Gloria Goe, Gavin Goe, Linda Loe, Lisa Loe, Patricia Poe, and Paul Poe to proceed under pseudonyms, (Doc. 51);

WHEREAS the parties recognize that discovery in the above-captioned matter may require the exchange of exempt or highly confidential information beyond the identities of the parties and witnesses; and

WHEREAS the parties stipulate to the terms of this protective order;

NOW THEREFORE, the Court orders as follows:

1

1.      The parties may, in good faith, designate in whole or in part as "Confidential" any document or electronically stored information (collectively, "document") that contains Confidential Information. For the purposes of this Protective Order, "Confidential Information" means information produced in this Action (regardless of how it is generated, stored, or maintained) that: (i) qualifies for protection under Federal Rule of Civil Procedure 5.2(a) or 26(c); (ii) contains personal identifying information of any pseudonymous party (or of other individuals where it would reveal the identity of any pseudonymous party); (iii) contains any individual's privacy-protected personal health information; or (iv) is exempt or confidential under Florida law or federal law. Such designation may be made by stamping "Confidential" on a document or, if a document cannot be stamped, by including "Confidential" in the document file name. If a party inadvertently or mistakenly produces a document without designating it as provided in this order, the producing party may give written notice to the receiving party that the document at issue is "Confidential" and should be treated as such in accordance with this order. In such instance, the producing party shall also provide copies of the material at issue properly designated as required under this order within a reasonable time. Upon receipt of such notice, the receiving party shall treat such information consistent with the redesignation.

2.      For the purpose of this Protective Order, "document" shall include, but

2

is not limited to: correspondence; memoranda; insurance information; email; clinician and/or patient information; materials that identify clinicians, and/or patients or potential patients; letters; statements; audio and/or video recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; internet archives; answers to interrogatories; responses to requests for admissions; trial testimony; deposition testimony; and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom.

3.      Production or designation of documents pursuant to this Protective Order shall not constitute a ruling on discoverability, relevance, admissibility of the documents, or information contained therein.

4.      All documents filed with this Court that are designated as "Confidential" or that otherwise contain Confidential Information, as defined in paragraph 1 above, shall be filed, if at all, under seal. Upon agreement of the parties, a document containing Confidential Information that has been redacted need not be filed under seal.

5.      In all publicly filed documents and at all public hearings and trials before this Court, the pseudonymous parties shall be identified and referred to only by their pseudonyms.

6.      If a party seeks to use in any way at any public hearing or trial before

this Court a document designated as "Confidential" or otherwise containing

Confidential Information, as defined in paragraph 1 above, without redacting all

Confidential Information, then counsel for the parties shall confer on procedures

necessary to protect the confidentiality of that document and the Confidential

Information contained in the document. Such document and the Confidential

Information contained in the document shall not lose its protected status through

such agreed-upon use unless such document and the Confidential Information was

made public through its use at the hearing or trial.

7.      Upon request by another party, counsel who provides live, recorded, or

written testimony of a pseudonymous party in this case shall disclose the identity of

the testifying pseudonymous party to counsel for the requesting party.

8.      Counsel for the parties may disclose documents designated as

"Confidential" and any Confidential Information to counsel for the parties and their

employees; and any agents of counsel for the parties, including expert witness

retained for this case, but only to the extent necessary to litigate this case and only

after the person to whom disclosure will be made has read this Protective Order and

agreed to be bound by it by signing the agreement attached to this order as

Attachment A.

9.      The parties and all persons subject to this Protective Order shall not use

or distribute documents designated as "Confidential" or Confidential Information

for any purpose outside of this Action or any other proceeding between the Parties except as required by law or otherwise set forth herein. Defendants and their counsel agree not to disclose Confidential Information for the purpose of investigating, prosecuting, or otherwise enforcing any actual, alleged, or possible violation of Senate Bill ("SB 254"), Board of Medicine Rule 64B8-9.019, Fla. Admin, Code, and Board of Osteopathic Medicine Rule 64B15-14.014, Fla Admin. Code (collectively the "Medical Bans"). Nothing in this Protective Order, however, shall preclude any party from using Confidential Information or documents marked "Confidential" for purposes of investigating or reporting evidence of crimes not related to the statutes and regulations listed above, to the extent consistent with law, provided that five days' notice is given to the opposing party and this Court.

10.    If a person discloses a document designated as "Confidential," or Confidential Information in a manner not authorized in this Protective Order, that person must immediately (but no later than three (3) calendar days) and in writing notify the producing party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the producing party, immediately make good faith efforts to prevent further disclosure by the recipient or by the person to whom the recipient disclosed such information.

11.    If any Defendant receives a subpoena, public records request, or other compulsory process from a non-party to this Protective Order, seeking production

or other disclosure of a document designated as "Confidential" or that contains

Confidential Information then that person or entity shall give electronic notice to the

producing party within a reasonable time after receipt of the subpoena, public

records request, or other compulsory process and enclose a copy of the subpoena or

other compulsory process. A reasonable time for notice of a subpoena or other

compulsory process shall be no more than three days from receipt. A reasonable time

for notice of a public records request shall be no more than three days from when

counsel receives notice. If any producing party timely seeks a protective order or

other similar remedy, then the individual or entity to which the subpoena, public

records request, or other compulsory process was issued or served shall not produce

a document designated as "Confidential" or that contains Confidential Information,

as defined in paragraph 1, prior to receiving an order from this Court unless ordered

to do so by another court.   Defendants agree not to oppose any producing party's

motion for a protective order on the ground that this agreement is unlawful, invalid,

or unenforceable. Within 60 days after final termination of this case (including final

disposition of any appeals), all unredacted documents designated as "Confidential"

or that contains Confidential Information shall be returned to the producing party,

destroyed, or retained pursuant to recordkeeping obligations imposed by law. With

respect to parties that can destroy or return documents, at the request of the

producing party, such party shall certify in writing that it has undertaken its best

6

efforts to destroy or return such documents and that such documents have been returned or destroyed to the best of its knowledge. The parties reserve their rights to move at the conclusion of this Action for a Court order compelling the destruction of Confidential Information. Counsel may retain that counsel's work product materials and their filed copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work product materials or papers shall continue to be treated pursuant to the terms of this Protective Order.

12.     This order shall continue to be binding after the conclusion of this case, including any appeals, absent prior written consent of all parties or order of this Court, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal.

13.     The parties agree that they shall only designate documents as "Confidential" when those documents fall within the definition of "Confidential Information" in paragraph 1. The parties agree that if disputes arise about whether a document should be designated as "Confidential," about the use or disclosure of Confidential Information, or about the applicability of this Protective Order, such disputes shall be resolved, if possible, by agreement of the parties of this Action, but that the Court will decide any disputes the parties are unable to resolve themselves. The parties agree that the party seeking to label information as Confidential

Information has the burden to show that such information meets the definition provided in paragraph 1.

14.    By signing the Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

**DONE** and **ORDERED** September ___, 2023.


_____
UNITED STATES DISTRICT JUDGE

# Attachment A

# Declaration and Agreement to be Bound by Stipulated Protective Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**Tallahassee Division**

|  |  |
|---|---|
| JANE DOE, individually and on behalf of her minor daughter, SUSAN DOE, et al., <br><br> *Plaintiffs*, <br> v. <br><br> JOSEPH A. LADAPO, M.D., *in his official capacity as Florida's Surgeon General of the Florida Department of Health,* et al., <br><br> *Defendants*. | Case No. 4:23-cv-00114-RH-MAF <br> Hon. Robert L. Hinkle |

**DECLARATION AND AGREEMENT TO BE BOUND BY**
**<u>STIPULATED PROTECTIVE ORDER</u>**

I, _____, hereby attest to my understanding that

information or documents designated "Confidential" or "Confidential – Attorneys

Eyes Only" are provided to me subject to the Stipulated Protective Order and HIPAA

Qualified Protective Order (collectively, "Orders") entered by the Court in the

above-captioned litigation ("Litigation"), Dkts. _____ & _____; that I have been given

a copy of and have read the Orders; and that I agree to be bound by their terms. I

also understand that my execution of this Acknowledgment to the Orders, indicating

my agreement to be bound by the Orders, is a prerequisite to my review of any

information or documents designated as "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to the Orders.

I further agree that I shall not disclose to others, except in accord with the Orders, any Confidential Information, in any form whatsoever, and that such Confidential Information and the information contained therein may be used only for the purposes authorized by the Orders.

I further agree to return all copies of any documents or information containing Confidential Information I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Orders, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Northern District of Florida, for the purposes of any proceedings relating to enforcement of the Orders, even if such enforcement proceedings occur after termination of this action.

I further agree to be bound by and to comply with the terms of the Orders as

soon as I sign this Acknowledgment.

Executed this _____ day of _____, _____.

_____
Signature

_____
Name (Printed)