IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE et al.,

      Plaintiffs,

v.                                    CASE NO. 4:23cv114-RH-MAF

JOSEPH A. LADAPO et al.,

      Defendants.

_____/

## ORDER FOR PRETRIAL CONFERENCE

This order sets the pretrial schedule. Prior orders—including the July 27, 2023 scheduling order—remain in place except when inconsistent with this order.

IT IS ORDERED:

1. The bench trial remains set for November 13, 2023.

2. The deadline is September 22, 2023 for the disclosures required by Federal Rule of Civil Procedure 26(a)(3). As required by the rule, each party must separately identify witnesses and exhibits the party expects to offer and those the party may offer if the need arises, and each party must designate deposition testimony the party expects to offer. The deadline for objections under Rule 26(a)(3) is October 2, 2023.

3. The deadline is October 2, 2023 for an attorney conference to address pretrial matters, stipulate to as many facts and agree on as many issues as possible, and prepare the pretrial stipulation. The plaintiffs' attorney must initiate arrangements for the conference, but all attorneys are responsible for ensuring that the conference occurs and the requirements are met.

4. At or before the attorney conference, each party must provide an attorney for each other party an exact copy of every exhibit that will or may be offered in evidence, marked with a readily identifiable exhibit number. It is not sufficient that a document has been produced during discovery or is on an exhibit list; each exhibit must be provided with a readily identifiable exhibit number.

5. The parties must file a pretrial stipulation by October 23, 2023. The pretrial stipulation must include:

    (a) The basis of federal jurisdiction;

    (b) A brief general statement of each party's case;

    (c) Each party's witness list, separately identifying those the party expects to call and those the party may call if the need arises, and identifying those who will give expert testimony;

    (d) Each party's exhibit list, separately identifying those the party intends to introduce and those the party may introduce if the need arises;

    (e) All stipulations of fact and agreements on issues;

    (f) A concise statement of those factual issues that remain to be litigated;

    (g) A concise statement of legal issues that remain for determination by the court;

    (h) A concise statement of any disagreement on admissibility of evidence or application of the Federal Rule of Civil Procedure or Evidence;

    (i) A list of all motions that remain pending;

    (j) Each side's estimate of the length of trial.

6. Witness and exhibit lists must include rebuttal witnesses and exhibits as well as those that may be offered in a party's case in chief. A witness or exhibit not timely and properly listed will be excluded unless (a) the late discovery or disclosure of the witness or exhibit did not result from lack of diligence, (b) the full substance and import of the evidence is disclosed to all other parties immediately upon discovery of the omission, and (c) the court determines that justice requires admission of the evidence. Evidence not timely and properly disclosed is almost always excluded.

7. Each party must file a trial brief by October 23, 2023.

8. The deadline to prefile exhibits, *see* ECF No. 117 ¶ 11, remains October 23, 2023.

9. By a separate notice, the clerk must set a pretrial conference for the first available date on or after October 25, 2023. Each party's lead attorney and each

other attorney who will have a significant role in conducting the trial must attend. A ruling may be entered or a hearing may be conducted on any motion that remains pending at the time of the conference. The pretrial conference will be conducted by telephone unless all parties notify the courtroom deputy clerk by October 23, 2023 that they prefer to have the conference conducted in person.

    SO ORDERED on September 11, 2023.

                                             s/Robert L. Hinkle
                                             United States District Judge