IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE et al.,

    Plaintiffs,

v.                                   CASE NO. 4:23cv114-RH-MAF

JOSEPH A. LADAPO et al.,

    Defendants.

_____/

## ORDER DENYING AN ADDITIONAL
## PRELIMINARY INJUNCTION

    This action presents a constitutional challenge to a Florida statute and rules that prohibit transgender *minors* from receiving specific kinds of widely accepted medical care. The statute and rules also address, but do not prohibit, analogous medical care for transgender *adults*. A preliminary injunction is in place in favor of specific transgender minors. Four adult plaintiffs—referred to in this order simply as the plaintiffs—now have moved for a preliminary injunction. This order denies the motion.

    As a prerequisite to a preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury

outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. *See*, *e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

The plaintiffs' likelihood of success on the merits is significantly lower now than it was prior to *Eknes-Tucker v. Governor of Alabama*, __ F.4th __, No. 22-11707, 2023 WL 5344981 (11th Cir. Aug. 21, 2023). At oral argument on the current motion, the plaintiffs asserted their claims survive *Eknes-Tucker*, including on the ground that the challenged statute and rules were motivated by discriminatory animus. Perhaps so. But in the motion and supporting memoranda, the plaintiffs did not discuss discriminatory animus or cite the relevant cases, including, for example, *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and *Washington v. Davis*, 426 U.S. 229 (1976).

In any event, the challenged statute and rules do not prohibit adults from obtaining treatments of the kind the plaintiffs seek. Two plaintiffs will be unable to obtain hormone treatment from their current providers. But despite the plaintiffs' contrary assertions, they may be able to obtain the treatment from others. Two other plaintiffs say their scheduled surgeries were canceled and that the surgeons said the challenged statute was the reason. But even if the plaintiffs' testimony

about this is not inadmissible hearsay—an unlikely proposition—the surgeons' statements, without a further explanation, do not tie their decision to anything a preliminary injunction would cure. The record does not show that a preliminary injunction would affect the surgeons' willingness to perform the surgeries at this time.

In short, the adult plaintiffs have not shown they will suffer irreparable harm, between now and the date of a final judgment, caused by any part of the statute or rules as to which the plaintiffs' challenge is likely to succeed on the merits.

For these reasons,

IT IS ORDERED:

The second preliminary-injunction motion, ECF No. 115, is denied.

SO ORDERED on September 11, 2023.

s/Robert L. Hinkle
United States District Judge
