IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE, et al.,

      Plaintiffs,                          Civil No. 4:23-cv-00114-RH-MAF

v.

JOSEPH A. LADAPO, et al.,

      Defendants.

_____/


**THE STATE'S MOTION TO PARTIALLY
EXCLUDE EXPERT TESTIMONY OF PLAINTIFFS' WITNESS
KENNETH W. GOODMAN, PhD, FACMI, FACE**


      Defendants Surgeon General Ladapo, the Florida Board of Medicine and its members, the Florida Board of Osteopathic Medicine and its members, and State Attorney Gladson move to partially exclude the expert testimony of Plaintiffs' witness Kenneth W. Goodman, PhD, FACMI, and FACE. As discussed in the attached memorandum, Dr. Goodman, a bioethicist, is not qualified to express opinions regarding the evidence base for the treatment of gender dysphoria.

Dated: September 25, 2023

**Ashley Moody**
ATTORNEY GENERAL

**Joseph E. Hart** (FBN 0124720)
COUNSELOR TO THE ATTORNEY
GENERAL
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Joseph.Hart@myfloridalegal.com

*Counsel for the Surgeon General, the Department of Health, and State Attorney Gladson*

Respectfully submitted by:

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com

*Counsel for the Surgeon General, the Department of Health, the Boards of Medicine, and the individual Board Members*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## MEMORANDUM OF LAW

As discussed below, Dr. Goodman is a bioethicist; not a physician or scientist. He does not consult with gender dysphoric patients. He does not rely on clinical guidelines. Yet Dr. Goodman proposes to give an expert opinion about the GAPMS report's evaluation of the evidence supporting treatments for gender dysphoria. He is not qualified to give such an opinion. Accordingly, he should be precluded from testifying about the evidence base for gender dysphoria treatments.

## LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597 (1993), the Supreme Court held that under Rule 702, the district courts are to perform the critical "gatekeeping" function concerning the admissibility of expert scientific evidence. *See also United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) ("The importance of Daubert's gatekeeping requirement cannot be overstated.").

In determining the admissibility of expert testimony under Rule 702, courts engage in a "rigorous" three-part inquiry to determine whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Frazier*, 387 F.3d at 1260; *see also*

3

*City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). The Eleventh Circuit refers to these three considerations separately as "qualification," "reliability," and "helpfulness," and has emphasized that they are "distinct concepts that courts and litigants must take care not to conflate." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). The party offering the expert testimony has the "burden of establishing qualification, reliability, and helpfulness." *Frazier*, 387 F.3d at 1260. Plaintiffs cannot satisfy the qualification prong for the *Daubert* inquiry with respect to Dr. Goodman's proposed testimony regarding the evidence base for the treatment of gender dysphoria.

## ARGUMENT

Dr. Goodman proposes to testify that "**the GAPMS Report Erroneously Concludes That There is Little or No Evidence For The Benefits of Medical Care for Gender Dysphoria.**" Expert Report (Exhibit 1), p.5 (emphasis in original). He bases that opinion primarily on his review of the Endocrine Society's clinical guidelines which were developed using the Grading of Recommendations Assessment, Development, and Evaluations (GRADE) guidelines. In his expert report, Dr. Goodman talks extensively about the GRADE guidelines, *id.* at 5-8, and ultimately opines that "[t]he GAPMS report mysteriously departs from the GRADE guidelines framework by excluding available as of 'low quality,'" *id.* at 7.

As to the first prong of the *Daubert* test, an expert may be qualified "by knowledge, skill, training, or education." *Griffin v. Coffee Cnty.*, 608 F. Supp. 3d 1363,

1368 (S.D. Ga. 2022) (quoting *Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1193 (11th Cir. 2010)). Dr. Goodman is not qualified.

Dr. Goodman is a bioethicist; not a physician or scientist. Depo. Tr. (Exhibit 2), at 39:14-17, and 51:16. He has a B.S. degree from the University of Florida Department of Journalism and Communication, *id.* at 8:21-9:8; an M.A. degree in theoretical linguistics, *id.* at 9:9-10:1; and a Ph.D. in philosophy, *id.* at 10:8-10:11 — nothing that qualifies him to render an opinion about the evidence base for gender dysphoria treatments.

Nor does Dr. Goodman have any experience, skill, or training that qualifies him to render an opinion about the evidence base for gender dysphoria treatments.  He is a professor of medicine, but he does not teach medicine.  He "teach[es] ethics, professional ethics, biomedical ethics, and related topics." *Id.* at 17:18-23.  He does not make clinical recommendations for patients. *Id.* at 39:14-17. He does not consult with gender dysphoric patients. *Id.* at 27:4-7 and 73:17-19. And he himself said that he "is not in a position to rely on any kind of clinical guidelines, given what [he does]. *Id.* at 56:8-9.  Perhaps most importantly, he does not use the GRADE guidelines, *id.* at 27:19, and he has never performed a systematic review of evidence using the GRADE guidelines. *Id.* at 28:5-7.

Stated simply, as a bioethicist with no relevant education, clinical experience, or training, Dr. Goodman is not competent to provide any expert testimony regarding the evidence base for gender dysphoria treatments. That testimony must be excluded.

## **CONCLUSION**

For the reasons set forth above, this Court should grant the State's motion and preclude Dr. Goodman from testifying about the evidence base for treatments of gender dysphoria.

Dated: September 25, 2023

**Ashley Moody**
ATTORNEY GENERAL

**Joseph E. Hart** (FBN 0124720)
COUNSELOR TO THE ATTORNEY
GENERAL
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Joseph.Hart@myfloridalegal.com

*Counsel for the Surgeon General, the Department of Health, and State Attorney Gladson*

Respectfully submitted by:

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
Michael Beato (FBN 1017715)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com
mbeato@holtzmanvogel.com

*Counsel for the Surgeon General, the Department of Health, the Boards of Medicine, and the individual Board Members*

## ATTORNEY CONFERRAL CERTIFICATION

I certify that pursuant to Rule 7.1(B), the State conferred with counsel for Plaintiffs on September 25, 2023. Plaintiffs oppose this motion.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF COMPLIANCE

I certify under Local Rule 7.1(F) that this memorandum contains 774 words, excluding the parts that may be excluded, and I certify that this response complies with the requirements in Local Rule 5.1(C).

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil