IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| JANE DOE et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH A. LADAPO et al., <br><br> Defendants. | Civil No. 4:23-cv-00114-RH-MAF |

**PLAINTIFFS' OPPOSITION TO THE STATE'S MOTION *IN LIMINE* TO PARTIALLY EXCLUDE EXPERT TESTIMONY OF PLAINTIFFS' WITNESS KENNETH W. GOODMAN, PhD, FACMI, FACE**

Plaintiffs submit this Opposition to Defendants Surgeon General Joseph Ladapo, the Florida Board of Medicine and its members, the Florida Board of Osteopathic Medicine and its members, and State Attorney William Gladson (collectively, "Defendants"), Motion *in Limine* [ECF 158] (the "Motion").

For the for the reasons outlined below, Plaintiffs respectfully request the Motion be denied.

## INTRODUCTION

Defendants are mistaken in arguing that Dr. Goodman is not qualified to provide expert testimony on the "evidence base for gender dysphoria treatments" because he is not a physician or scientist who treats patients with gender dysphoria.

-1-

(ECF 158 at 5). They misapprehend the gravamen of Dr. Goodman's testimony, who is testifying in his capacity as an expert in evidence-based medicine, that the Florida Medicaid: Generally Accepted Professional Medical Standards on the Treatment of Gender Dysphoria ("GAPMS Report") erroneously excludes evidence rated as low quality in concluding that there is little to no evidence demonstrating the benefits of medical care for gender dysphoria. In reaching this opinion, Dr. Goodman relies on his decades of experience and expertise in reviewing medical evidence and supporting clinicians in making treatment determinations based on available medical evidence, his familiarity with the relevant academic literature, his years of research and publications in the field of medical ethics, and his extensive practical experience through his role as the founder and director of the University of Miami Miller School of Medicine's Institute for Bioethics and Health Policy and co-founder of the University's Ethics Program. Nothing rendered in Dr. Goodman's opinion requires direct clinical experience treating patients with gender dysphoria.

## ARGUMENT

I. **Dr. Goodman is qualified to render an opinion on the quality rating of evidence supporting the clinical guidelines for the treatment of gender dysphoria**.

Defendants claim that Dr. Goodman is neither a physician nor a scientist, rendering him unqualified to provide expert opinion on the conclusions raised in the GAPMS report. (*Id*.). As an initial matter, bioethicists routinely assess the

evidentiary bases of medical treatments.  Here, Dr. Goodman is not only a bioethicist; he is a widely published expert in the field of evidence-based medicine. (Exhibit 1, Att. A, *Curriculum Vitae* of Dr. Kenneth Goodman). Dr. Goodman has spent the entirety of his career as a bioethicist in a hospital setting. During his more than 30 years of experience, he has published numerous books, book chapters, and peer-reviewed journal articles on the use of medical evidence in a broad range of medical settings.  (*Id*.).  This experience alone clearly renders Dr. Goodman qualified to opine on the relationship between recommendations contained in clinical practice guidelines and the quality rating of evidence supporting those recommendations.

    Contrary to Defendants assertions, Dr. Goodman's experience in providing ethical consultations to clinical providers further qualifies him to render expert opinion on the evidence base at issue in the GAPMS Report.  Although Dr. Goodman does not make clinical recommendations for patients, he engages in clinical consultations with providers treating a wide range of medical conditions. These consultations occur in varied clinical settings including, for example, "…in a hospital where a patient has lost capacity, an elderly, sick patient lacks capacity, and spouses or children or siblings are insisting on a level of treatment that the team in its professional judgment believes is inappropriate." (Exhibit 2, Dr. Goodman Deposition Transcript (hereinafter "Goodman Tr."), at 25:22-26:3). Moreover, in

this consultative capacity, Dr. Goodman has engaged with colleagues treating patients with gender dysphoria concerning regulation of the treatment of gender dysphoria and continuity of care for their patients. (*Id.* at 26: 15-23). These consultations necessarily involve an assessment of the best available evidence on the efficacy of a certain treatment.

Defendants also mischaracterize Dr. Goodman's familiarity with the GRADE guidelines and the relevance of his knowledge of the guidelines in rendering his expert opinion. (ECF 158 at 5). Dr. Goodman's opinion is not based "primarily on his review of the Endocrine Society's clinical guidelines" (*id*. at 4) but rather on his review of the evidence base supporting the recommendations in those guidelines and a comparative analysis of the quality rating of evidence supporting the recommendations relative to the quality rating of evidence supporting other medical interventions, particularly those rated low or very low quality based on available evidence. (Ex. 1, at ¶ 19). Dr. Goodman discusses the use of the GRADE guidelines in the development of clinical recommendations (Ex. 1, at ¶¶ 13-15), and explains the misapplication of the GRADE guidelines by Defendants and by those responsible for the creation of the GAPMS Report (*id.* at ¶¶ 16-19).

As a bioethicist, it is Dr. Goodman's responsibility to regularly assess the ethical implications of particular medical treatments for patients, a responsibility that would be impossible to carry out without understanding the benefits expected to

accrue to the patient from the treatment being evaluated. In order to assess those benefits, it is imperative for a bioethicist to understand the strengths and weaknesses of the scientific and medical evidence supporting the treatment at issue. Inherently, a bioethicist thus must have expertise with the criteria, such as the GRADE guidelines, that are relied upon in assessing the strength of medical evidence. Dr. Goodman decisively demonstrated his familiarity and experience with the GRADE criteria in both his expert report (Ex. 1, at ¶¶ 14-19), and in his deposition (Goodman Tr. at 29:20-30:14, 32:8-39:13, 45:5-47:2). In describing his experience with the GRADE guidelines, Dr. Goodman acknowledges that he does not rely on the guidelines in clinical practice, (Goodman Tr. at 28:3-4), however, it does not follow that he has no experience with or familiarity with the GRADE guidelines themselves and how they are used in clinical practice settings.

There is no basis for the Defendants' argument that Dr. Goodman's expertise as a bioethicist is incompatible with his rendering an informed expert opinion about the flawed evidentiary conclusions reached in the GAPMS report.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion *in Limine*.

Respectfully submitted this 10th day of October, 2023.

**HUMAN RIGHTS CAMPAIGN FOUNDATION**

*By: /s/ Jason E. Starr*
**Jason Starr**\* NY No. 5005194
**Cynthia Cheng-Wun Weaver**\*
NY No. 5091848
**Ami Patel**\* CA No. 325647
1640 Rhode Island Avenue NW
Washington, D.C. 20036
(202) 993-4180
Cynthia.Weaver@hrc.org
Jason.Starr@hrc.org
Ami.Patel@hrc.org

**SOUTHERN LEGAL COUNSEL**
**Simone Chriss**
Florida Bar No. 124062
**Chelsea Dunn**
Florida Bar No. 1013541
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**LOWENSTEIN SANDLER LLP**
**Thomas E. Redburn, Jr.**\*
New York Bar No. 5822036
**Maya Ginsburg**\*
New York Bar No. 5128152
1251 Avenue of the Americas
New York, NY 10020
(212) 262-6700
tredburn@lowenstein.com
mginsburg@lowenstein.com

**NATIONAL CENTER FOR LESBIAN RIGHTS**
**Christopher F. Stoll**\*
CA Bar No. 179046
**Kelly Jo Popkin**\*
NY Bar No. 5698220
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, CA 94102
Tel. 415-365-1320
cstoll@nclrights.org
kpopkin@nclrights.org

**GLBTQ LEGAL ADVOCATES & DEFENDERS**
**Jennifer Levi**\*
MA Bar No. 562298
**Chris Erchull**\*
MA Bar No. 690555
18 Tremont, Suite 950
Boston, MA 02108
(617) 426-1350
jlevi@glad.org
cerchull@glad.org


\* Admitted by *pro hac vice*

*Counsel for Plaintiffs*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that, on October 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

>*/s/ Jason E. Starr*
>**Jason E. Starr**
>**Counsel for Plaintiffs**

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(H), I hereby certify that this Opposition contains 1,009 words.

>*/s/ Jason E. Starr*
>**Jason E. Starr**
>**Counsel for Plaintiffs**