Select Year: 2023 Go

# The 2023 Florida Statutes

Title XXXII
REGULATION OF PROFESSIONS AND OCCUPATIONS

Chapter 458
MEDICAL PRACTICE

View Entire Chapter

**458.347 Physician assistants.—**

(1) LEGISLATIVE INTENT.—The purpose of this section is to authorize physician assistants, with their education, training, and experience in the field of medicine, to provide increased efficiency of and access to high-quality medical services at a reasonable cost to consumers.

(2) DEFINITIONS.—As used in this section, the term:

(a) "Approved program" means a physician assistant program in the United States or in its territories or possessions which is accredited by the Accreditation Review Commission on Education for the Physician Assistant or, for programs before 2001, accredited by its equivalent or predecessor entities the Committee on Allied Health Education and Accreditation or the Commission on Accreditation of Allied Health Education Programs formally approved by the boards for the education of physician assistants.

(b) "Boards" means the Board of Medicine and the Board of Osteopathic Medicine.

(c) "Continuing medical education" means courses recognized and approved by the boards, the American Academy of Physician Assistants, the American Medical Association, the American Osteopathic Association, or the Accreditation Council on Continuing Medical Education.

(d) "Council" means the Council on Physician Assistants.

(e) "Physician assistant" means a person who is a graduate of an approved program or its equivalent or meets standards approved by the boards and is licensed to perform medical services delegated by the supervising physician.

(f) "Physician assistant national certifying examination" means the Physician Assistant National Certifying Examination administered by the National Commission on Certification of Physician Assistants or its successor agency.

(g) "Supervision" means responsible supervision and control. Except in cases of emergency, supervision requires the easy availability or physical presence of the licensed physician for consultation and direction of the actions of the physician assistant. For the purposes of this definition, the term "easy availability" includes the ability to communicate by way of telecommunication. The boards shall establish rules as to what constitutes responsible supervision of the physician assistant.

(h) "Trainee" means a person who is currently enrolled in an approved program.

(3) PERFORMANCE OF SUPERVISING PHYSICIAN.—Each physician or group of physicians supervising a licensed physician assistant must be qualified in the medical areas in which the physician assistant is to perform and shall be individually or collectively responsible and liable for the performance and the acts and omissions of the physician assistant. A physician may not supervise more than 10 currently licensed physician assistants at any one time. A physician supervising a physician assistant pursuant to this section may not be required to review and cosign charts or medical records prepared by such physician assistant.

(4) PERFORMANCE OF PHYSICIAN ASSISTANTS.—

(a) The boards shall adopt, by rule, the general principles that supervising physicians must use in developing the scope of practice of a physician assistant under direct supervision and under indirect supervision. These principles shall recognize the diversity of both specialty and practice settings in which physician assistants are

Doe Pls' Trial Ex. 110

9/25/2023, 11:40 AM
PL011875

used.

(b)  This chapter does not prevent third-party payors from reimbursing employers of physician assistants for covered services rendered by licensed physician assistants.

(c)  Licensed physician assistants may not be denied clinical hospital privileges, except for cause, so long as the supervising physician is a staff member in good standing.

(d)  A supervisory physician may delegate to a licensed physician assistant, pursuant to a written protocol, the authority to act according to s. 154.04(1)(c). Such delegated authority is limited to the supervising physician's practice in connection with a county health department as defined and established pursuant to chapter 154. The boards shall adopt rules governing the supervision of physician assistants by physicians in county health departments.

(e)  A supervising physician may delegate to a fully licensed physician assistant the authority to prescribe or dispense any medication used in the supervising physician's practice unless such medication is listed on the formulary created pursuant to paragraph (f). A fully licensed physician assistant may only prescribe or dispense such medication under the following circumstances:

1.  A physician assistant must clearly identify to the patient that he or she is a physician assistant.

2.  The supervising physician must notify the department of his or her intent to delegate, on a department-approved form, before delegating such authority and of any change in prescriptive privileges of the physician assistant. Authority to dispense may be delegated only by a supervising physician who is registered as a dispensing practitioner in compliance with s. 465.0276.

3.  A fully licensed physician assistant may procure medical devices and drugs unless the medication is listed on the formulary created pursuant to paragraph (f).

4.  The physician assistant must complete a minimum of 10 continuing medical education hours in the specialty practice in which the physician assistant has prescriptive privileges with each licensure renewal. Three of the 10 hours must consist of a continuing education course on the safe and effective prescribing of controlled substance medications which is offered by a statewide professional association of physicians in this state accredited to provide educational activities designated for the American Medical Association Physician's Recognition Award Category 1 credit, designated by the American Academy of Physician Assistants as a Category 1 credit, or designated by the American Osteopathic Association as a Category 1-A credit.

5.  The prescription may be in paper or electronic form but must comply with ss. 456.0392(1) and 456.42(1) and chapter 499 and must contain the physician assistant's name, address, and telephone number and the name of each of his or her supervising physicians. Unless it is a drug or drug sample dispensed by the physician assistant, the prescription must be filled in a pharmacy permitted under chapter 465 and must be dispensed in that pharmacy by a pharmacist licensed under chapter 465.

6.  The physician assistant must note the prescription or dispensing of medication in the appropriate medical record.

(f)1.  The council shall establish a formulary of medicinal drugs that a fully licensed physician assistant having prescribing authority under this section or s. 459.022 may not prescribe. The formulary must include general anesthetics and radiographic contrast materials and must limit the prescription of Schedule II controlled substances as listed in s. 893.03 to a 7-day supply. The formulary must also restrict the prescribing of Schedule II psychiatric mental health controlled substances for children younger than 18 years of age to a 14-day supply, provided the physician assistant is under the supervision of a pediatrician, a family practice physician, an internal medicine physician, or a psychiatrist.

2.  In establishing the formulary, the council shall consult with a pharmacist licensed under chapter 465, but not licensed under this chapter or chapter 459, who shall be selected by the State Surgeon General.

3.  Only the council shall add to, delete from, or modify the formulary. Any person who requests an addition, a deletion, or a modification of a medicinal drug listed on such formulary has the burden of proof to show cause why such addition, deletion, or modification should be made.

4.  The boards shall adopt the formulary required by this paragraph, and each addition, deletion, or

modification to the formulary, by rule. Notwithstanding any provision of chapter 120 to the contrary, the formulary rule shall be effective 60 days after the date it is filed with the Secretary of State. Upon adoption of the formulary, the department shall mail a copy of such formulary to each fully licensed physician assistant having prescribing authority under this section or s. 459.022, and to each pharmacy licensed by the state. The boards shall establish, by rule, a fee not to exceed $200 to fund the provisions of paragraph (e) and this paragraph.

(g) A supervisory physician may delegate to a licensed physician assistant the authority to, and the licensed physician assistant acting under the direction of the supervisory physician may, order any medication for administration to the supervisory physician's patient in a facility licensed under chapter 395 or part II of chapter 400, notwithstanding any provisions in chapter 465 or chapter 893 which may prohibit this delegation.

(h) A licensed physician assistant may perform services delegated by the supervising physician in the physician assistant's practice in accordance with his or her education and training unless expressly prohibited under this chapter, chapter 459, or rules adopted under this chapter or chapter 459.

(i) Except for a physician certification under s. 381.986, a physician assistant may authenticate any document with his or her signature, certification, stamp, verification, affidavit, or endorsement if such document may be so authenticated by the signature, certification, stamp, verification, affidavit, or endorsement of a physician, except those required for s. 381.986. Such documents include, but are not limited to, any of the following:

1. Initiation of an involuntary examination pursuant to s. 394.463.
2. Do-not-resuscitate orders or physician orders for the administration of life-sustaining treatment.
3. Death certificates.
4. School physical examinations.
5. Medical examinations for workers' compensation claims, except medical examinations required for the evaluation and assignment of the claimant's date of maximum medical improvement as defined in s. 440.02 and for the impairment rating, if any, under s. 440.15.
6. Orders for physical therapy, occupational therapy, speech-language therapy, home health services, or durable medical equipment.

(j) A physician assistant may supervise medical assistants as defined in this chapter.

(k) This chapter authorizes third-party payors to reimburse employers of physician assistants for covered services rendered by licensed physician assistants. Payment for services within the physician assistant's scope of practice must be made when ordered or performed by a physician assistant if the same service would have been covered if ordered or performed by a physician. Physician assistants are authorized to bill for and receive direct payment for the services they deliver.

(5) PROGRAM APPROVAL.—

(a) The boards shall approve programs, based on recommendations by the council, for the education and training of physician assistants which meet standards established by rule of the boards. The council may recommend only those physician assistant programs that hold full accreditation or provisional accreditation from the Accreditation Review Commission on Education for the Physician Assistant or its successor entity or, before 2001, from the Committee on Allied Health Education and Accreditation or the Commission on Accreditation of Allied Health Programs.

(b) Notwithstanding any other law, a trainee may perform medical services when such services are rendered within the scope of an approved program.

(6) PHYSICIAN ASSISTANT LICENSURE.—

(a) Any person desiring to be licensed as a physician assistant must apply to the department. The department shall issue a license to any person certified by the council as having met all of the following requirements:

1. Is at least 18 years of age.
2. Has completed an approved program.

   a.  For an applicant who matriculated after December 31, 2020, has received a master's degree.
   b.  For an applicant who matriculated on or before December 31, 2020, has received a bachelor's or master's degree from an approved program.
   c.  For an applicant who graduated before July 1, 1994, has graduated from an approved program of instruction in primary health care or surgery.
   d.  For an applicant who graduated before July 1, 1983, has received a certification as a physician assistant from the boards.
   e.  The board may also grant a license to an applicant who does not meet the educational requirement specified in this subparagraph but who has passed the Physician Assistant National Certifying Examination administered by the National Commission on Certification of Physician Assistants.
   3.  Has obtained a passing score as established by the National Commission on Certification of Physician Assistants or its equivalent or successor organization and has been nationally certified. If an applicant does not hold a current certificate issued by the National Commission on Certification of Physician Assistants or its equivalent or successor organization and has not actively practiced as a physician assistant within the immediately preceding 4 years, the applicant must retake and successfully complete the entry-level examination of the National Commission on Certification of Physician Assistants or its equivalent or successor organization to be eligible for licensure.
   4.  Has completed the application form and remitted an application fee not to exceed $300 as set by the boards. An application for licensure as a physician assistant must include:
   a.  A diploma from an approved program.
   b.  Acknowledgment of any prior felony convictions.
   c.  Acknowledgment of any previous revocation or denial of licensure or certification in any state.
   (b)1.  The license must be renewed biennially. Each renewal must include:
   a.  A renewal fee not to exceed $500 as set by the boards.
   b.  Acknowledgment of no felony convictions in the previous 2 years.
   c.  A completed physician assistant workforce survey, which shall be administered in the same manner as the physician survey established in s. 458.3191 and must contain the same information required in s. 458.3191(1) and (2).
   2.  Beginning July 1, 2018, and every 2 years thereafter, the department shall report the data collected from the physician assistant workforce surveys to the boards.
   3.  The department shall adopt rules to implement this paragraph.
   (c)  Each licensed physician assistant shall biennially complete 100 hours of continuing medical education or shall hold a current certificate issued by the National Commission on Certification of Physician Assistants.
   (d)  Notwithstanding subparagraph (a)2., the department may grant to a recent graduate of an approved program, as specified in subsection (5), who expects to take the first examination administered by the National Commission on Certification of Physician Assistants available for registration after the applicant's graduation, a temporary license. The temporary license shall expire 30 days after receipt of scores of the proficiency examination administered by the National Commission on Certification of Physician Assistants. Between meetings of the council, the department may grant a temporary license to practice based on the completion of all temporary licensure requirements. All such administratively issued licenses shall be reviewed and acted on at the next regular meeting of the council. The recent graduate may be licensed before employment. An applicant who has passed the proficiency examination may be granted permanent licensure. An applicant failing the proficiency examination is no longer temporarily licensed but may reapply for a 1-year extension of temporary licensure. An applicant may not be granted more than two temporary licenses and may not be licensed as a physician assistant until he or she passes the examination administered by the National Commission on Certification of Physician Assistants. As prescribed by board rule, the council may require an applicant who does not pass the licensing examination after five or more attempts to complete additional remedial education or training. The council shall prescribe the additional requirements in a manner that

permits the applicant to complete the requirements and be reexamined within 2 years after the date the applicant petitions the council to retake the examination a sixth or subsequent time.

 (e) The Board of Medicine may impose any of the penalties authorized under ss. 456.072 and 458.331(2) upon a physician assistant if the physician assistant or the supervising physician has been found guilty of or is being investigated for any act that constitutes a violation of this chapter or chapter 456.

 (f) An application or other documentation required to be submitted to the department under this subsection may be submitted electronically.

 (7) DELEGATION OF POWERS AND DUTIES.—The boards may delegate such powers and duties to the council as they may deem proper.

 (8) COUNCIL ON PHYSICIAN ASSISTANTS.—The Council on Physician Assistants is created within the department.

 (a) The council shall consist of five members appointed as follows:

 1. The chairperson of the Board of Medicine shall appoint one member who is a physician and member of the Board of Medicine who supervises a physician assistant in the physician's practice.

 2. The chairperson of the Board of Osteopathic Medicine shall appoint one member who is a physician and member of the Board of Osteopathic Medicine who supervises a physician assistant in the physician's practice.

 3. The State Surgeon General or his or her designee shall appoint three fully licensed physician assistants licensed under this chapter or chapter 459.

 (b) Members shall be appointed to terms of 4 years, except that of the initial appointments, two members shall be appointed to terms of 2 years, two members shall be appointed to terms of 3 years, and one member shall be appointed to a term of 4 years, as established by rule of the boards. Council members may not serve more than two consecutive terms. The council shall annually elect a chairperson from among its members.

 (c) The council shall:

 1. Recommend to the department the licensure of physician assistants.

 2. Develop all rules regulating the use of physician assistants by physicians under this chapter and chapter 459, except for rules relating to the formulary developed under paragraph (4)(f). The council shall also develop rules to ensure that the continuity of supervision is maintained in each practice setting. The boards shall consider adopting a proposed rule developed by the council at the regularly scheduled meeting immediately following the submission of the proposed rule by the council. A proposed rule submitted by the council may not be adopted by either board unless both boards have accepted and approved the identical language contained in the proposed rule. The language of all proposed rules submitted by the council must be approved by both boards pursuant to each respective board's guidelines and standards regarding the adoption of proposed rules. If either board rejects the council's proposed rule, that board must specify its objection to the council with particularity and include any recommendations it may have for the modification of the proposed rule.

 3. Make recommendations to the boards regarding all matters relating to physician assistants.

 4. Address concerns and problems of practicing physician assistants in order to improve safety in the clinical practices of licensed physician assistants.

 (d) When the council finds that an applicant for licensure has failed to meet, to the council's satisfaction, each of the requirements for licensure set forth in this section, the council may enter an order to:

 1. Refuse to certify the applicant for licensure;

 2. Approve the applicant for licensure with restrictions on the scope of practice or license; or

 3. Approve the applicant for conditional licensure. Such conditions may include placement of the licensee on probation for a period of time and subject to such conditions as the council may specify, including but not limited to, requiring the licensee to undergo treatment, to attend continuing education courses, to work under the direct supervision of a physician licensed in this state, or to take corrective action.

 (9) INACTIVE AND DELINQUENT STATUS.—A license on inactive or delinquent status may be reactivated only as provided in s. 456.036.

 (10) PENALTY.—Any person who has not been licensed by the council and approved by the department and

who holds himself or herself out as a physician assistant or who uses any other term in indicating or implying that he or she is a physician assistant commits a felony of the third degree, punishable as provided in s. 775.082 or s. 775.084 or by a fine not exceeding $5,000.

(11)  DENIAL, SUSPENSION, OR REVOCATION OF LICENSURE.—The boards may deny, suspend, or revoke a physician assistant license if a board determines that the physician assistant has violated this chapter.

(12)  RULES.—The boards shall adopt rules to implement this section, including rules detailing the contents of the application for licensure and notification pursuant to subsection (6) and rules to ensure both the continued competency of physician assistants and the proper utilization of them by physicians or groups of physicians.

(13)  EXISTING PROGRAMS.—This section does not eliminate or supersede existing laws relating to other paramedical professions or services and is supplemental to all such existing laws relating to the licensure and practice of paramedical professions.

(14)  LIABILITY.—Each supervising physician using a physician assistant is liable for any acts or omissions of the physician assistant acting under the physician's supervision and control.

(15)  LEGAL SERVICES.—Legal services shall be provided to the council pursuant to s. 456.009(1).

(16)  FEES.—The department shall allocate the fees collected under this section to the council.

**History.**—ss. 1, 8, ch. 79-302; s. 301, ch. 81-259; ss. 2, 3, ch. 81-318; s. 8, ch. 84-543; s. 8, ch. 84-553; ss. 20, 25, 26, ch. 86-245; s. 29, ch. 88-1; s. 15, ch. 88-277; s. 3, ch. 88-361; s. 26, ch. 89-162; s. 2, ch. 90-60; ss. 33, 34, ch. 90-134; s. 2, ch. 91-22; s. 43, ch. 91-201; s. 4, ch. 91-429; s. 1, ch. 92-22; s. 108, ch. 94-218; s. 1, ch. 95-231; s. 1, ch. 96-197; s. 223, ch. 97-101; s. 1094, ch. 97-103; s. 27, ch. 97-264; s. 6, ch. 98-49; s. 49, ch. 98-166; s. 155, ch. 99-251; s. 1, ch. 99-370; s. 100, ch. 99-397; s. 107, ch. 2000-160; ss. 27, 42, ch. 2000-318; s. 1, ch. 2001-100; ss. 23, 55, ch. 2001-277; s. 75, ch. 2002-1; s. 76, ch. 2004-5; s. 15, ch. 2004-41; s. 1, ch. 2007-155; s. 75, ch. 2008-6; s. 1, ch. 2008-86; s. 2, ch. 2009-177; s. 1, ch. 2010-55; s. 1, ch. 2012-170; s. 1, ch. 2013-127; s. 15, ch. 2014-18; s. 1, ch. 2016-125; s. 2, ch. 2016-145; ss. 9, 10, 22, ch. 2016-224; s. 17, ch. 2016-230; s. 1, ch. 2017-154; s. 15, ch. 2020-133; s. 1, ch. 2021-204; s. 1, ch. 2023-274.

Copyright © 1995-2023 The Florida Legislature • Privacy Statement • Contact Us