## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JANE DOE et al.,

      Plaintiffs,

v.                                    CASE NO. 4:23cv114-RH-MAF

JOSEPH A. LADAPO et al.,

      Defendants.

_____/

## **JUDGMENT**

Judgment is entered against the enjoined defendants in favor of the plaintiffs Jane Doe, individually and on behalf of Susan Doe, Gloria Goe, individually and on behalf of Gavin Goe, and Lucien Hamel, and the certified classes and subclass.

1. The certified classes and subclass are the following:

    (a)  The first class consists of all transgender adults in Florida who seek gender-affirming treatment with puberty blockers or cross-sex hormones.

    (b)  The second class consists of all transgender minors in Florida who seek gender-affirming treatment with puberty blockers or cross-sex hormones and their parents.

(c) The subclass—a subset of the second class—consists of all transgender minors in Florida who seek but are prohibited by state law from obtaining gender-affirming treatment with puberty blockers or cross-sex hormones and their parents.

2. The class representative for the first class is named plaintiff Lucien Hamel.

3. The class representatives for the second class and the subclass are named plaintiffs Jane Doe, individually and on behalf of Susan Doe, and Gloria Goe, individually and on behalf of Gavin Goe.

4. It is declared that:

(a) Florida Statutes § 456.52(1) is unconstitutional to the extent it prohibits gender-affirming care for individuals who have reached or passed Tanner stage II.

(b) Florida Statutes § 456.52(3) is unconstitutional to the extent it prohibits a licensed individual, acting within the scope of the license, from (i) assisting a supervising physician in administering or performing gender-affirming care or (ii) filling a prescription issued by a physician or, for adults, issued by a licensed individual acting within the scope of the license, or (iii) providing gender-affirming care to adults.

(c) Florida Statutes § 456.52(5) is unconstitutional to the extent it authorizes disciplinary action or makes it a crime to violate a provision of a statute or rule this order declares unconstitutional.

(d) Florida Administrative Code rules 64B8ER23-7, 64B15ER23-9, 64B8ER23-11, and 64B15ER23-12 are unconstitutional to the same extent as Florida Statutes §§ 456.52(1), (3), and (5), and also as set out in subparagraphs (e) and (f) below.

(e) Florida Administrative Code rules 64B8ER23-7 and 64B15ER23-9 are unconstitutional to the extent they (i) require annual hand x-rays, (ii) require annual DEXA scans, (iii) require the mandatory annual mental-health assessment to be conducted only by a licensed psychiatrist and psychologist rather than another licensed mental-health professional, (iv) require in-person physician visits every six months, (iv) require suicide assessments by a licensed mental-health professional every three months, (v) require laboratory testing every four months, or (vi) require use of forms DH5079-MQA (06/23, rev. 8/23), DH5080-MQA (06/23, rev. 8/23), and DH5081-MQA (06/23, rev. 8/23).

(f) Florida Administrative Code rules 64B8ER23-11 and 64B15ER23-12 are unconstitutional to the extent they require use of forms DH5082-MQA (06/23, rev. 8/23) and DH5083-MQA (06/23, rev. 8/23).

(g) For purposes of this declaration, "gender-affirming care" means the prescription or administration of (i) puberty blockers for the purpose of attempting to stop or delay normal puberty in order to affirm a person's perception of his or her sex if that perception is inconsistent with the person's natal sex or (ii) hormones or hormone antagonists to affirm a person's perception of his or her sex if that perception is inconsistent with the person's natal sex.

(h) For purposes of this declaration, "natal sex" means the classification of a person as either male or female based on the organization of the human body of such person for a specific reproductive role, as indicated by the person's sex chromosomes, naturally occurring sex hormones, and internal and external genitalia present at birth.

5. An injunction is entered as follows:

(a) The enjoined defendants are:

    (i)   Joseph Ladapo, in his official capacity as the Surgeon General of the Florida Department of Health;

    (ii)  Scot Ackerman, Nicholas W. Romanello, Wael Barsoum, Matthew R. Benson, Gregory Coffman, Amy Derick, David Diamond, Patrick Hunter, Luz Marina Pages, Eleonor Pimentel, Hector Vila, Michael Wasylik, Zachariah P. Zachariah, Maria

Garcia, and Nicole Justice, in their official capacities as members

of the Florida Board of Medicine;

(iii)  Watson Ducatel, Tiffany Sizemore Di Pietro, Gregory Williams,

Monica M. Mortensen, Valerie Jackson, Chris Creegan, and

William D. Kirsh, in their official capacities as members of the

Florida Board of Osteopathic Medicine; and

(iv)  William M. Gladson, in his official capacity as State Attorney for

the Fifth Judicial Circuit of Florida.

(b)  The enjoined defendants must not take any steps to enforce the

provisions this order declares unconstitutional.

(c)  This injunction binds the enjoined defendants and their officers, agents,

servants, employees, and attorneys—and others in active concert or participation

with any of them—who receive actual notice of this injunction by personal service

or otherwise.

6. All claims against the Board of Medicine and Board of Osteopathic

Medicine in their names are dismissed without prejudice based on the Eleventh

Amendment and alternatively as redundant to the claims against their members.

7. All claims against the Attorney General of Florida are voluntarily

dismissed without prejudice.

8. All claims against state attorneys other than Mr. Gladson are dismissed without prejudice based on the parties' stipulation requiring, among other things, the other state attorneys to abide by the injunction against Mr. Gladson.

9. The individual claims of the plaintiffs Brenda Boe, Bennett Boe, Carla Coe, Christina Coe, Fiona Foe, Freya Foe, Linda Loe, Lisa Loe, Patricia Po, Paul Poe, Olivia Noel, Rebecca Cruz Evia, and Kai Pope are dismissed without prejudice to their rights as class members.

10. The court reserves jurisdiction to enforce this order and the judgment and to award costs and attorney's fees.

JESSICA J. LYUBLANOVITS
CLERK OF COURT

June 11, 2024
DATE

*s / Cindy Markley*
Deputy Clerk: Cindy Markley